## TAYLOR v. BASS.

T and L, were indebted by a joint and several note to D & Co. and this is reduced to judgment, all the partners suing. B, one of this firm is indebted individually to T.—*Held*, in a suit by T, for the use of another, against B, that the latter cannot set off the joint judgment recovered by the firm of which he is a partner.

WRIT of Error to the County Court of Tallapoosa county.

*Assumpsit* by Taylor, for the use of Berry against Bass, on a promissory note made by him, and due 22d January, 1840. At the trial, the defendant gave in evidence, under the pleas of payment and set-off, a joint and several note made by the nominal plaintiff Taylor, and one Lovelace, payable to Dunn & Co. and due the 2d January, 1840. Bass, the defendant, was a partner of this firm, and the note was reduced to judgment in the names of all the partners. This judgment was offered and admit-

ted as a set-off. The plaintiff excepted, and now assigns the same as error.

GUNN and GRESHAM, for the plaintiff in error.
REESE, *contra*.

GOLDTHWAITE, J.—The debt allowed as a set-off, by the court below, was due to the defendant and another, as partners, and there is nothing in the record to show any assent of the one, that the other should appropriate it to his own use or sole benefit.

In principle, this case cannot be distinguished from that of Pierce v. Pass, [1 Porter, 232,] where it was held, that the individual debt of one partner could not be set-off against a debt due to the firm. [See also, Von Pheel v. Connelly, 9 Porter, 452.]

The statute, [Digest, 281,] allows mutual debts to be set-off, and if the relative situation of these parties is reversed, it will be seen there is no mutuality whatever; in such a case, Dunn & Bass, as partners, would be plaintiffs, and Taylor defendant, and the latter would not be allowed to set-off the debt due from Bass, against the suit of the firm. The reason why this would not be allowed is, that by it the partnership assets would be diverted and appropriated to the payment of one partner's individual debts, and thereby the creditors of the joint concern, as well as the other partner, would be involved with the payment of debts with which they had no concern, and for which the other partner is in no manner liable.

The attempt to appropriate the partnership debt to the payment of the individual debt is equally apparent in the case before us, and however the case might be if the assent of the other partner was shown before suit, the set-off cannot prevail under the facts disclosed.

Judgment reversed and the cause remanded.