# Jones *et al. v.* Blair.

*Action on Promissory Note.*

1. *Set-off; when available.*—To render the defense of a set-off available, it is essential that the party making it should be the real owner of the demand, having the right to sue upon it in his own name, at the time the action is brought against him.

2. *Same; nature of demand.*—The demand must be such that defendant in his own name, or in the name of the defendants sued, may maintain an action of debt, or *indebitatus assumpsit* against the party or all the parties suing, without bringing in the name of a stranger to the suit.

3. *Same; partnership claim, and individual liability.*—The court disapproves the intimation in *Taylor v. Bass,* 5 Ala. 110, that the mere assent of the other partners, to the exclusive use and appropriation of a debt due the firm by one of the partners, may convert such debt into a proper subject of set-off by him, when sued alone on an individual liability.

| 57 | 457 |
|----|-----|
| 93 | 625 |
| 57 | 457 |
| 96 | 595 |
| 57 | 457 |
| 124 | 456 |
| 57 | 457 |
| 132 | 248 |
| 57 | 457 |
| 141 | 307 |

APPEAL from the Circuit Court of Pike.

Tried before the Hon. H. D. CLAYTON.

This action was brought by the appellee against U. L. Jones and Willis C. Wood, joint makers of a promissory note, of which said appellee, Blair, was the owner. The defendant, U. L. Jones, pleaded as a set-off a note held by him and a copartner, one Blackman, drawn by plaintiff in favor of the President and Directors of the Mobile and Girard Railroad Company. The plaintiff introduced in evidence the note sued upon, and defendant introduced the note drawn by Blair, which the evidence shows was the joint property of Jones & Blackman. Said Blackman, as a witness, testified that he gave said Jones permission to use said note as a set-off against plaintiff's demand, and that Jones was to account to him (Blackman) on their final settlement for all assets used in liquidating his individual indebtedness. The court charged the jury that if they believed that said note was the property of defendant and his partner it can not be allowed as a set-off, notwithstanding that defendant

may have had authority from his partner to so use it. The defendant excepted to this charge, and now assigns the same as error.

NORMAN & WILSON, for appellants.

W. D. ROBERTS, contra.

No briefs came to Reporter.

STONE, J.—1. A set-off, to be available, must be owned by defendant in absolute right, at the time suit is brought. It is not enough that, together with another partner, the defendant owns the claim. It must be such demand as that he, in his own name, or in the names of the defendants sued,. without bringing in the name of a stranger to the suit, may maintain an action of debt or *indebitatus assumpsit* upon it,. against the party, or all the parties suing, as the case may be. Less than this is not mutuality. Ownership at the time of suit brought is of the very essence of the right.—*Bowen v. Snell*, 11 Ala. 379; *Gildersleeve v. Caraway*, 19 Ala. 246;. *Adams v. McGrew*, 2 Ala. 675; *McDade v. Meade*, 18 Ala. 214; 2 Brick. Dig. 430, §§ 115, 120; *Johnson v. King*, 20 Ala. 270.

2–3. In *Taylor v. Bass*, 5 Ala. 110, it was said: "The debt allowed as a set-off, by the court below, was due to the defendant and another as partners, and there is nothing in the record to show any assent of the one, that the other should appropriate it to his own use or sole benefit." There was nothing in the record in that case to call for the last clause above copied. We have found no authority which authorizes the use of such partnership claim as a set-off against an individual liability, even when the other partner consents to such use. Such consent can not retroact, and vest title in the individual partner sued *at the time suit was brought*. As we have shown above, and as all the authorities show, this is indispensable. We can not follow the supposed implication contained in *Taylor v. Bass, supra*. One, and a. sufficient reason for so holding, is, that the defense of a set-off is always optional with the party making it. A party, indebted to a firm, and having a claim against one of its. members, can not know that the several partners will give their consent that such partnership claim may be used by the one partner in discharge of his individual debt. It would be doing such individual creditor a manifest wrong,.

to leave him exposed to the uncertain fate of meeting a defense to his action, rightfully brought; the authority to make which may or may not be accorded by the other partners. We prefer to let the principle remain in its integrity: that to render the defense of set-off available, the party making it must be the real owner of the claim, having the right to sue upon it in his own name, at the time the action is ₂commenced against him.

Tested by these rules, the set-off offered in this case was not allowable, and the Circuit Court did not err in its rulings.

Affirmed.