# Montz *versus* Morris.

1. A member of a firm may, with the assent of his co-partners, set-off, in an action against him individually, a debt due to the firm by the plaintiff in the action.

2. Proof of the account and of the assent of the partners to its use, are all that is required; it is not necessary that the account should be assigned to the defendant.

March 12th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Luzerne county :* Of January Term 1879, No. 142.

This was an action brought by Thomas Morris, before an alderman, against J. A. Montz, for the price of a cow sold to defendant. The alderman gave judgment for the plaintiff and defendant appealed to the Common Pleas.

The pleas were non-assumpsit, payment, &c., which were amended during the trial, by adding "payment with notice of defalcation, set-off and payment with leave."   At the trial, before Stanton, J., it appeared that Montz was a member of the firm of Landmesser & Co.   To this firm Morris owed about one hundred dollars.   When Montz bought the cow, he credited Morris with the price, fifty-five

[Montz *v.* Morris.]

dollars, on the firm books.    Without paying anything on his account, Morris demanded the money for the cow, claiming it was sold to Montz and not to the firm.

Defendant offered to show that, after giving credit to the plaintiff for all payments, including that of the cow, there remained a balance due to Landmesser & Co., from the plaintiff, of sixty-nine dollars.

Plaintiff objected, upon the ground that any indebtedness of Morris to the firm could not avail the defendant in this case, he having no assignment of the claim, and that the firm debt could not be set-off against an individual debt; and further, that the offer was not made to prove indebtedness prior to the bringing of this suit.    The court sustained the objection, on the ground that there was no assignment of the claim.    (First assignment of error.)

The defendant proposed to ask a witness : " You have already stated that you are one of the partners ; state whether or not you assent to the use of the book-account of the firm by Mr. Montz as an off-set in this case ?"    The court refused to allow the question, on the ground that it was leading.    (Second assignment.)

The defendant then offered the written assent of the members of the firm to the use of the account of said firm by Montz as a set-off.    The court rejected this evidence for the reason that evidence of set-off, under the pleadings, was not then admissible.

In the general charge, the court, inter alia, said : " You have the right, we say, to find, from the manner in which defence was made, how the defendant himself regards this case.    Because it is a light to you in reaching a conclusion, to know whether the defendant, in the face of his own testimony ; in the face of the testimony of the plaintiff, believes that he was acting for the firm or for himself.    [You will notice that in this case there is more than the mere issue that he did not buy for himself.    The defence filed yesterday, with our consent, a plea of set-off.    That, as we construe it (for it is proper for us to give construction to the pleading in this case) is in the nature of admission that this contract is between this plaintiff and this defendant ; for otherwise it would be absurd for the defendant to claim the right to a set-off as against the plaintiff's claim."]

*Q. A. Gates,* for plaintiff in error.—A partner, when sued individually, may set-off a firm account: Wrenshall *v.* Cook, 7 Watts 464 ; Tustin *v.* Cameron, 5 Wharton 379 ; Craig *v.* Henderson, 2 Barr 261 ; Burke *v.* Maxwell's Admrs., 31 P. F. Smith 139.    No assignment of claim has ever been held necessary.    All that was needed was the assent of the firm.

The assent of the other members of the firm may be given to the use of its accounts as set-off, by one of its members, in his individual suit, after suit brought, and upon the trial of the case:

Smith & Co. *v.* Myler & Aber, 10 Harris 40 ; Hart *v.* Porter, 5 S. & R. 200 ; Silberburg *v.* Pincus, 6 Phila. 533 ; Todd *v.* Lorah, 25 P. F. Smith 155.

*Charles D. Foster* and *John McGahren* for defendant in error.— The evidence offered under the first assignment of error was inadmissible under the plea of "non-assumpsit and payment," and for the further reason that in the offer made defendant did not attempt to show that he either had the assent of his copartners to use their claim as a set-off against his individual liability in this case, or that he held an assignment of their claim for that purpose ; or that the debt alleged to be due the partnership, was contracted previous to the commencement of this suit.

After plaintiff rested it was too late for defendant to amend by adding the plea of set-off : 1 Tr. & Haley Pr. 473 ; Glazer *v.* Lowrie, 8 S. & R. 498.

Mr. Justice STERRETT delivered the opinion of the court, March 24th 1879.

Great liberality has always been exercised in this state in the admission of either legal or equitable set-off; and it is always allowed when by so doing it is practicable to avoid circuity of action and unnecessary costs with safety and convenience to the parties concerned. Since Tustin *v.* Cameron, 5 Whart. 380, there has been no reason to doubt the right of one partner, with the assent of his copartners, to set-off, in an action against himself personally, a debt due to his firm by the plaintiff in the suit. This was what the plaintiff in error claimed the right to do ; and the burden of his complaint in the first three assignments of error, is that the court refused to permit it to be done. In the first place he denied his individual liability, and in answer to the allegation of the plaintiff below, contended that the claim for which he was sued individually, was the debt of Landmesser & Co., of which he was a member, contracted by one of the partners in behalf of the firm, and the amount thereof credited to Morris on their books. Testimony to this effect was introduced by the defendant below ; but, to meet the case presented by the plaintiff's testimony, in case it should be believed by the jury, he also proposed, as an independent ground of defence, to present the account of the firm and, with the assent of his partners, set it off against the plaintiff's claim. There was nothing in the state of the pleadings to forbid this, and the testimony should have been received. The reason for rejecting one of the offers was that the account of the firm against Morris, the plaintiff below, had not been assigned to the defendant. This was of course unnecessary. Proof of the account and assent of the partners to its use by the defendant as a set-off, was all that was required. The offer complained of in the second assignment of

[Montz v. Morris.]

error was erroneously rejected on the ground that the question propounded to the witness was leading ; and that embraced in the third assignment was excluded on the broad ground that evidence of set-off was not admissible under the pleadings. This of course was error. The defendant below had a clear right to prove the account and show the assent of his partners to the use he proposed to make of it. After excluding what was, perhaps, the most available defence the defendant had, under the circumstances, the way was made comparatively clear for a verdict against him. The only other ground of defence, viz. : that the debt sued for was contracted by the defendant's firm and not by himself individually, was greatly prejudiced, if not nullified, by that part of the charge specified in the sixth assignment, in which the jury were told, in substance, that the plea of set-off was practically an admission by the defendant that he himself had contracted the debt in suit. The reason given by the court for attributing this novel effect to the plea of set-off was, because "otherwise it would be absurd for the defendant to claim the right of a set-off as against the plaintiff's claim." This, with other portions of the charge complained of, was calculated to prejudice and mislead the jury.

Judgment reversed, and a *venire facias de novo* awarded.