C. W. DAMEIER

*v.*

W. A. BAYOR.

*Filed at Ottawa June 23, 1897—Rehearing denied October 12, 1897.*

1. APPEALS AND ERRORS—*sufficiency of evidence to sustain verdict is a question of fact.*    The sufficiency of the evidence to sustain the verdict is purely a question of fact, which, in suits at law, is finally settled by a judgment of affirmance by the Appellate Court.

2. SET-OFF—*debts, to be the subject of set-off, must be between the parties to the action.*    A joint indebtedness cannot be set off against a separate demand, nor can a separate demand be set off against a joint indebtedness.

*Dameier* v. *Bayor*, 68 Ill. App. 477, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

JOHN N. JEMISON, for appellant.

W. H. CRAIG, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of assumpsit brought by W. A. Bayor, against C. W. Dameier, to recover an amount claimed to be due for rent of a certain lot, and for a quantity of brick and stone sold and delivered by the plaintiff to the defendant. In the Superior Court the parties, by agreement, waived a jury and a trial was had before the court, resulting in judgment for the plaintiff, which, on appeal, was affirmed in the Appellate Court.

On the trial the plaintiff put in evidence a contract in writing, as follows:

"I hereby agree to purchase from W. A. Bayor a lot of brick and rubble stone delivered to 1429 Wabash avenue, for which I agree to pay at the rate of five dollars per M for brick and eight dollars per cord for stone, the amount of brick not to exceed 325 M and stone not to exceed 107 cords.

C. W. DAMEIER."

The plaintiff then called witnesses and proved the quantity of brick and stone delivered under the contract. It is claimed by appellant that the evidence offered did not prove a sale and delivery of the material sued for. The sufficiency of the evidence to sustain the judgment was purely a question of fact, not reviewable here.

The defendant undertook to establish a set-off. The set-off claimed grew out of a written contract executed by the plaintiff and Dameier & Son. It will not be necessary to enter into any argument to establish the proposition that any damages or moneys due from W. A. Bayor, the plaintiff, to Dameier & Son could not properly be set

off in an action brought by Bayor against Dameier alone, on a contract existing solely between these two parties. It is a familiar rule that debts, to be the subject of set-off, must be mutual between the parties to the action. A joint indebtedness cannot be set off against a separate demand, nor can a separate demand be set off against a joint indebtedness. (*Hilliard* v. *Walker*, 11 Ill. 644; *Coates* v. *Preston*, 105 id. 470.) We think the court did not err in holding that demands due Dameier & Son were not, under the pleadings and facts of this case, a proper set-off against plaintiff's action.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*