FIRST NATIONAL BANK OF BUTTE, RESPONDENT, *v.* SILVER, APPELLANT.

(No. 3,087.)

(Submitted March 14, 1912.  Decided March 18, 1912.)

[122 Pac. 584.]

*Promissory Notes — Nonpayment — Complaint — Partnership— Conversion—Waiver of Tort—Demand.*

Promissory Notes—Nonpayment—Complaint—Sufficiency.
  1. An allegation of the complaint in an action to enforce payment of a promissory note, that both defendant and one E., a joint maker, in his lifetime and his legal representatives since his death, have failed, neglected and refused to pay the note or any part or portion thereof, *held*, sufficiently specific to show nonpayment of the note.

Same.
  2. The allegation of nonpayment is a material and essential one in an action to enforce payment of a promissory note.

Same—Joint and Several—Nonpayment—Complaint.
  3. Where a note sued upon is joint and several, the complaint must, in order to show a breach of the condition of the obligation, allege that payment has not been made by any of the parties liable, since payment by one of the makers extinguishes the liability of all.

Same—Nonpayment—Burden of Proof.
  4. An allegation of nonpayment of a joint and several promissory note being denied, the burden of proving nonpayment by any of the parties liable rests upon plaintiff.

Judgment on Pleadings—When Improper.
  5. Judgment for plaintiff on the pleadings is improper, where the answer states facts sufficient to constitute counterclaims exceeding plaintiff's demand.

Partnership—Conversion—Right of Surviving Partner.
  6. Since the interest of each member of a partnership extends to every portion of its property, a surviving partner may retain possession and control thereof *jure proprio,* and defend an action against him on a partnership obligation by setting up a counterclaim to recover the value of firm property converted by plaintiff.

Conversion—Waiver of Tort.
    7. One having a cause of action in conversion may waive the tort and sue as upon an implied contract.
Counterclaims—Express and Implied Contracts.
    8. The provision of subdivision 2, section 6541, Revised Codes, that in an action on a contract any other cause of action on contract existing at the commencement of the action may be set up as a counterclaim, applies to implied as well as express contracts.
Conversion—Demand Unnecessary, When.
    9. Where property is wrongfully taken from the owner, he may sue without a demand.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by the First National Bank of Butte against J. R. Silver. From a judgment for plaintiff on the pleadings, defendant appeals. Reversed and remanded.

*Mr. James H. Baldwin,* for Appellant, submitted a brief and argued the cause orally.

In an action for the breach of a contract it is necessary to allege that the contract has been broken; and there is no difference in this respect between a promissory note and other contracts. The failure to pay constitutes the breach, and must be alleged. (*Frisch* v. *Caler,* 21 Cal. 71; *Brown* v. *Orr,* 29 Cal. 120; *Davanay* v. *Eggenhoff,* 43 Cal. 395; *Roberts* v. *Treadwell,* 50 Cal. 520; *Bank* v. *Boyd,* 99 Cal. 606, 34 Pac. 337; *Knox* v. *Buckram Co.,* 139 Cal. 399, 73 Pac. 428; *Vogel* v. *Walker,* 3 Utah, 227, 2 Pac. 210; 14 Ency. of Pl. & Pr. 542–544; 3 Sutherland's Code Pleading and Practice, sec. 5384; 8 Cyc. 136; *Van Horn* v. *Holt,* 30 Mont. 69, 75 Pac. 680.)

The allegation that "the defendant has at all times failed, refused and neglected to pay said promissory note or any part or portion thereof, and that the said John Eakins in his lifetime and his legal representatives since his death have failed, neglected and refused to pay said promissory note or any part or portion thereof," is not sufficient. (3 Sutherland on Code Pleading and Practice, sec. 5384; *Scroufe* v. *Clay,* 71 Cal. 123, 11 Pac. 882.)

The allegation that ''there is now due and owing from the defendant to the plaintiff the sum of two hundred dollars, together with interest thereon at the rate of ten per cent per annum from December 16, 1905, on said promissory note, copy of which is set forth in said complaint,'' is insufficient, being a statement of a mere conclusion of law.   (*Frisch* v. *Caler, supra; Scroufe* v. *Clay, supra; Notman* v. *Green,* 90 Cal. 172, 27 Pac. 157; *Ryan* v. *Holliday,* 110 Cal. 335, 42 Pac. 891, 892.)

The allegation of nonpayment was essential to respondent's recovery, and as payment by one extinguishes the liability of all, this allegation could not be stricken from the pleading without leaving it insufficient.   Issue is joined upon this allegation. (*Pengelly* v. *Peeler,* 39 Mont. 26, 101 Pac. 147; 31 Cyc. 198, 201; *Bank* v. *Boyd,* 99 Cal. 604, 34 Pac. 337.)   It follows that the court erred in granting the motion for judgment on the pleadings and in rendering judgment for it.   (*Floyd* v. *Johnson,* 17 Mont. 469, 43 Pac. 631; *Bach, Cory & Co.* v. *Produce Co.,* 15 Mont. 345, 39 Pac. 291.)

*Mr. R. L. Clinton* submitted a brief in behalf of Respondent, and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to enforce payment of a promissory note dated December 16, 1905, due on demand, and executed and delivered by defendant and one John Eakins to the plaintiff. Before the action was commenced, Eakins died.   The complaint, after alleging the execution and delivery of the note, contains, in paragraph 3, the following: ''That prior to the commencement of this action plaintiff demanded of the defendant the payment of said promissory note, and that the defendant has at all times failed, refused, and neglected to pay said promissory note or any part or portion thereof, and that the said John Eakins in his lifetime, and his legal representatives since his death, have failed, neglected, and refused to pay said promissory note or any

part or portion thereof." It is further alleged that Eakins died, that an administratrix of his estate was appointed, that plaintiff presented its claim, and the same was duly allowed, and paragraph 5 concludes as follows: "That no part or portion of said claim has been paid." The defendant answered, admitted the execution and delivery of the note, the death of Eakins, that he (defendant) had not paid the note, and then denies any knowledge or information as to whether Eakins in his lifetime, or his legal representatives since his death, paid the note or the debt evidenced by it; and further denied, upon information and belief, that an administratrix had been appointed for Eakins' estate, and denied any knowledge or information as to whether plaintiff had presented its claim or whether the same had been allowed or remains unpaid. Defendant then pleaded two counterclaims, in the first of which he alleges that, prior to the execution of the note sued upon, he and Eakins formed a copartnership to carry on certain work in Butte; that the money represented by the note was borrowed by them as copartners for the use of the copartnership in carrying on its undertaking and was in fact used by them as copartners in their copartnership enterprise. It is alleged that about January 19, 1906, one O'Brien, in payment for work done by the copartnership, executed and delivered to Eakins a check drawn upon the Daly Bank and Trust Company for $424.20; that Eakins received such check as the property of the copartnership and held it as such, and had it in his possession unindorsed at the time of his death. It is alleged that about February 16, 1906, this plaintiff, after the death of Eakins, wrongfully obtained possession of such check, caused the name of John Eakins to be indorsed upon it, and then presented the check to the bank upon which it was drawn, collected the money, converted it to its own use, and ever since has failed and refused to account to the defendant for the same or any part thereof. The second counterclaim is in similar terms, except as to the amount of the check which it is alleged plaintiff procured and cashed. The prayer of the answer is that plaintiff take nothing; that defendant recover the

amount of each of the two checks with interest, that he recover his costs, and for general relief. Upon these pleadings plaintiff moved for judgment, and the motion was granted. Plaintiff thereupon waived its claim for attorneys' fees, and the district court rendered and entered judgment, from which the defendant appealed.

1. Contention is made that paragraph 3 of the complaint, [1] quoted above, does not contain allegations sufficiently specific to show nonpayment of the note; but with this we do not agree. It requires the most strained construction of the pleading to admit of a doubt that payment has not been made by anyone, if the allegations above are true.

2. While it may well be said that the denial of information as to whether plaintiff presented its claim and had same allowed, and the further denial upon information and belief that an administratrix has been appointed for Eakins' estate are frivolous, since these facts can be ascertained from public records, still the allegation that Eakins in his lifetime did not pay the note is put in issue by a denial of knowledge or information sufficient to form a belief as to the truth of that allegation. This form of denial is authorized by the Codes (Rev. Codes, sec. 6540), and when interposed to any material allegation of the complaint raises an issue (sec. 6723). That the allegation of [2] nonpayment is a material and essential allegation in an action of this character is established in this state by repeated decisions of this court. (*Yancey* v. *Northern Pac. Ry. Co.*, 42 Mont. 342, 112 Pac. 533, and cases cited.) The note sued upon [3] is joint and several, and payment by one of the makers extinguishes the liability of all. (Rev. Codes, sec. 4923.) Therefore, in order to show a breach of the condition of the obligation, it is necessary to allege that payment has not been made by any of the parties liable; and if issue be joined upon [4] such allegation, then the burden is upon the plaintiff to make proof. (*Yancey* v. *Northern Pac. Ry. Co.*, above.) Since the answer raises an issue as to nonpayment by Eakins in his lifetime, the motion for judgment on the pleadings should not have been granted.

3. The motion should not have been granted for another [5] reason: If the answer states facts sufficient to constitute counterclaims, plaintiff cannot recover upon the record as now presented to us. The allegations of new matter are not denied, and the amount of the counterclaims exceeds the amount of plaintiff's demand. As we understand the answer, there is not any attempt made to set up a counterclaim in favor of a copartnership as against the individual liability of the defendant. The answer sets forth facts which, if true, disclose that the obligation upon which plaintiff sues is in fact a partnership obligation, and in an action upon such an obligation it is elementary that one partner may avail himself of a counterclaim in favor of the copartnership to defeat the plaintiff's recovery, even though such partner is separately sued or answers separately; the [6] fundamental principle being that, if the demands are mutual, one may be counterclaimed as against an action upon the other. To constitute a counterclaim, the facts must disclose a cause of action in favor of the defendant and against the plaintiff, existing at the time of the commencement of the action. (Rev. Codes, sec. 6541.) If the allegations of these counterclaims be true, defendant and Eakins were copartners at the time this note was executed, and the note was the copartnership obligation (sec. 5489) and the money received upon it was partnership property (sec. 5468); so, likewise, were the checks received by Eakins, and converted by plaintiff, partnership property, and each member of the partnership can require that the partnership property be applied to the discharge of partnership obligations (sec. 5472). The death of Eakins worked a dissolution of the partnership (sec. 5494), but did not affect the partnership property, except to give to this defendant, as the sole surviving partner, exclusive control of the property. (Sec. 7607.) He could retain possession and control, not by virtue of any supposed representative relationship, but *jure proprio*, since the interest of each member of the partnership extends to every portion of its property. (Sec. 5469; *Krueger* v. *Speith*, 8 Mont. 482, 3 L. R. A. 291, 20 Pac. 664.) By reason of his right to the

possession of the partnership property, defendant may maintain any appropriate action for its recovery.

It is elementary, also, that one who has a cause of action in [7] conversion may waive the tort and sue as upon an implied contract. (*Galvin* v. *Mac M. & M. Co.*, 14 Mont. 508, 37 Pac. 366.) If the allegations of these counterclaims are true, defendant had causes of action against the plaintiff at the time it commenced this action, and by waiving the tort and proceeding as [8] upon the implied contract, defendant could set up these causes as counterclaims to plaintiff's action, for subdivision 2 of section 6541 includes implied as well as express contracts. (34 Cyc. 676, 711.) And if the taking by plaintiff was wrongful, as alleged, a demand was not necessary; and neither is it essential to defendant's right to recover that plaintiff knew of the interest asserted by this defendant at the time of the conversion, or since.

Our conclusion is that the defendant has stated a cause of action against the plaintiff in each of these counterclaims, and the motion for judgment on the pleadings should have been overruled.

The judgment is reversed and the cause is remanded, with directions to overrule the motion.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH concurs in the result.