### Edward L. Pegram, Appellant, v. Jesse K. Miser, Appellee.

1. Usury—*no defense where debt assumed by third party.* Where an indebtedness has been assumed by a third party as part consideration for a business, he cannot take advantage of the fact that the original contract was usurious.

2. Set-off and counterclaims—*mutual account necessary.* An arrangement to offset a partnership claim against an indebtedness of one of the partners does not affect the creditor of the latter unless he consents thereto.

Appeal from the County Court of Macon county; the Hon. O. W. Smith, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed October 15, 1912.

Buckingham & Gray, for appellant.

Hill & Drew, for appellee.

Mr. Justice Philbrick delivered the opinion of the court.

Prior to March 2, 1909, appellee and one Cain were in partnership, carrying on the business of coal, hay and feed. On that date Cain borrowed from appellant one hundred dollars, for which he executed to appellant a note for one hundred, seventeen dollars and fifty cents. Seventeen dollars and fifty cents of that amount was usury. This note was signed by appellee as surety for Cain. On this note Cain paid seventeen dollars and fifty cents. After that payment Cain and appellee dissolved partnership, appellee taking over the business and continuing therein. After the dissolution of the partnership appellee continued to make payments on the note executed by Cain and himself, and on January 4, 1910, the old note was taken up by appellee and a new note executed to appellant for sixty-two dollars and fifty-one cents; this note was signed by appellee alone and matured April 4, 1910, with interest at seven per cent. Appellee continued to make payments on the indebtedness until he had paid seventy dollars and eighty cents to appellant;

this together with the seventeen dollars and fifty cents paid by Cain amounted to eighty-seven dollars and fifty cents paid on the indebtedness. After the dissolution of the partnership between Cain and appellee, appellee then formed a partnership with one Ward and continued the business. After Ward became interested in the business, appellant bought of the firm, through appellee, hard coal amounting to sixteen dollars and forty cents. By an arrangement between Ward and appellee, the coal was finally charged to appellee upon the books of Miser and Ward. On the eighth day of April, 1910, judgment was confessed on the note dated January 4, 1910, against appellee, in favor of appellant, for ninety-four dollars and thirty-nine cents, thirty-three dollars and thirty-six cents of which was for attorney's fees. On application by appellee, the judgment was opened and appellee given leave to plead. Appellee set up as a defense the usury amounting to seventeen dollars and fifty cents in the original note, and claimed as a set-off the sixteen dollars and forty cents for coal purchased of the firm of Miser and Ward. The jury returned a verdict against appellant, in favor of appellee, for four dollars and thirty cents, upon which verdict judgment was rendered, from which this appeal is prosecuted.

It is insisted by appellant that the record discloses that a part of the consideration for which the business of Miser and Cain was taken over by appellee was that Miser, appellee, was to pay the note made by Cain to appellant and on which appellee was surety, and that by reason of appellee having assumed and agreed to pay this indebtedness, although the contract between Cain and appellant might have originally been usurious, appellee cannot take advantage thereof. It is also contended by appellant that appellee is not entitled to claim as a set-off in this action the amount due for the coal purchased from the firm of Miser and Ward.

Appellee, on the other hand, denies that it was a part of the agreement or contract with Cain that he should pay this indebtedness, but that Cain was insolvent and that he made his payments by reason of being surety on the note; also, that although the firm of Miser and Ward furnished the coal to appellant, appellee having assumed the indebtedness of Miser and Ward and having had the coal charged to his account, he therefore is entitled to set off that amount in an action on this note.

We are satisfied that the record sustains the contention of appellant, that appellee, under and by virtue of his contract with Cain whereby the business of Miser and Cain was turned over to appellee, assumed and agreed to pay the note executed by Cain and appellee, to appellant, and the payment of this indebtedness was a part of the consideration for turning over the partnership business of Miser and Cain to appellee. Appellee having assumed and agreed to pay that indebtedness as a part of the consideration for the business of Miser and Cain, it is immaterial whether the original contract between Cain and appellant was usurious or not, and although there may have been usury in the contract between Cain and appellant, appellee cannot take advantage thereof. Boylston v. Bain, 90 Ill. 283, 288.

There being no contention upon the part of appellee that at the time appellant purchased the hard coal, the partnership did not consist of Miser and Ward. Miser and Ward having furnished the coal to appellant, no agreement between them could affect appellant so as to permit appellee to off set the purchase price of the coal in this action. The law is too well settled in this state to permit of argument that before one debt or account can be off set against another, the accounts must be mutual between the parties to the action, and in an action against a person or partner individually the partnership debt cannot be allowed as a set-off, and no arrangement which might

have been made regarding this account between Miser and Ward could in any manner affect appellant unless he consented thereto. Dameier v. Bayor, 167 Ill. 547.

The judgment, for the reasons above set forth, is so clearly and manifestly against the law and the evidence, that it must be reversed and the cause remanded.

*Reversed and remanded.*