## Nora Bevier, Appellee, v. W. H. Horn et al., Appellants.

### Gen. No. 17,465.

1. JUDGMENT—*motion to set aside.* Where an affidavit in support of a motion to set aside a judgment obtained by confession does not disclose a clear and equitable reason for opening the judgment the motion is properly denied.

2. SET-OFF—*unliquidated damages.* In an action on a note the defendant cannot set off a claim for unliquidated damages arising out of a different transaction, and a judgment by confession will not be opened to allow the set-off to be interposed.

3. SET-OFF—*in action against several defendants.* In an action on a note against several defendants a claim of indebtedness due to any number of the defendants less than the whole cannot be set off.

4. DAMAGES—*vexatious appeal.* An appeal from an order denying a motion to set aside a judgment obtained by confession *held* not to demand assessment of damages for vexatious appeal.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed May 26, 1913.

DWIGHT D. ROOT, for appellants.

CHARLES V. CLARK, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

A judgment by confession for $2,767.49 against W. H. Horn Cedar and Lumber Co., a corporation, W. H. Horn and W. F. Horn, in favor of "Mrs. Nora Bevier" was entered by the Circuit Court of Cook county on a *narr.* and *cognovit* December 14, 1910.

. December 27, 1910, W. H. and W. F. Horn were heard on their motion, recited by the judgment order of that date to have been "heretofore entered," to set aside and vacate the said judgment by confession and allow them "to file pleas in the cause so that there might be a trial thereof on the merits." This motion after argument was denied by the court and this appeal by the said W. H. Horn and W. F. Horn followed.

The *cognovit* on which judgment was rendered was based on warrants of attorney to confess judgment at any time thereafter, incorporated in two notes, each signed by The W. H. Horn Cedar and Lumber Company, W. H. Horn, Prest., W. H. Horn and W. F. Horn. One note was for $2,000, dated May 28, 1906, payable December 1, 1906, to the order of H. E. Rose, with interest at seven per cent. per annum after date. The warrant of attorney attached to this note authorized a confession of judgment in favor of the holder of the note for such amount as might "appear to be unpaid thereon, together with costs and ten per cent. attorney's fees." The other note was for $500. It was dated August 8, 1906, and made payable to the order of Hiram E. Rose ten days after date. The warrant of attorney attached thereto provided for ten dollars attorney's fees. Each of these notes bore the endorsements:

"Pay to the order of N. B. Rose,

                  H. E. ROSE."

and

"Pay to the order of Mrs. Nora Bevier,
          May 6th, 1909.

                  N. B. ROSE"

and other endorsements showing payments of interest to February 9, 1910. They each bore also the following endorsements of extension:

                  "October 12, 1908.

For and in consideration of one dollar in hand paid it is hereby mutually agreed that this note and interest thereon is hereby extended to Jan. 2/09, provided however that this extension of time shall not prevent the holder thereof from taking judgment thereon in accordance with the face of this note if not paid when due. As a further consideration for this extension the makers have delivered a certain Trust Deed on mortgage on the Str. Adiramled with mortgage notes as collateral security for the payment of the within note and when paid in accordance with the terms hereof the said collateral security shall be returned."

and

                  "May 4, 1909.

In consideration of the above, time of payment is extended to May 8, 1910."

By the bill of exceptions in the record it appears that the contention of the appellants was founded on a petition which was sworn to by the said appellants, in which the judgment was set forth, and in which it was alleged that for some years they had dealings with H. E. Rose and had been told by him that he was keeping his property in the name of his wife, N. B. Rose, and in the name of his wife's mother, Nora Bevier, and further alleged that Rose signed his wife's name to contracts and endorsed her name on notes, and that N. B. Rose had told them that whatever H. E. Rose did would bind her, and that the petitioners were "informed and believed" that said plaintiff, Nora Bevier, had no property "except as the same had

been put in her name by said H. E. Rose for his own use and benefit,'' and that said H. E. Rose for a long time had, and the petitioners believed yet had, a bank account in the name of his wife and drew checks thereon in her name alone and without her personally signing the checks. Following these allegations is this statement: .

''Your petitioners therefore have reason to believe and do believe that the said H. E. Rose was the legal and equitable owner of both the notes on which and at the time when the judgment herein was rendered thereon, and that his said mother-in-law, Nora Bevier, was and is only a nominal plaintiff herein for the convenience of said H. E. Rose and without any real interest in said judgment.''

The petition then goes on to set out at length a written contract of the date of November 16, 1908, between W. H. Horn on the one hand and H. E. Rose and Nellie B. Rose on the other, relative to the conveyance of some real estate by W. H. Horn to the Roses, and the consideration to be given therefor, a part of which was to be—

''certain notes amounting to $4,000 and accrued interest thereon made by The W. H. Horn Cedar and Lumber Co. and held by the party of the second part, together with a certain mortgage and notes on the Steamer Adiramled held as collateral security to said notes of $4,000.''

The petition then states that the ''Adiramled'' had been recently wrecked; that thereafter it was to be sold for salvage; that the petitioners (W. H. Horn and W. F. Horn) agreed to advance $400, and H. E. Rose the remainder of what was necessary to bid for the boat at the sale; that this remainder was about $2,500; that H. E. Rose would buy the boat at the sale; that he and petitioners would resell it; that said Rose should then receive $5,500 from the resale and one-fourth of the amount over $5,500 which was realized on said resale; that on the reception of $5,500 he should cancel and surrender the notes on which judgment was confessed herein, the payment of said notes

having been secured by a chattel mortgage on said boat; that the petitioners advanced H. E. Rose the $400, according to the agreement, but that Rose after receiving it "did not bid in said boat, but permitted it to be sold to others and thereby entirely lost to the petitioners." The petition proceeds with these allegations:

· "And your petitioners say that they have reason to believe and do believe that they are damaged thereby to the extent of $10,000 because said H. E. Rose broke his said last mentioned contract. And your petitioners desire to set off or recoup so much of said damages as may be necessary to cancel or pay said notes on which said judgment was rendered.

And your petitioners further say that whatever business aforesaid was done in the name of N. B. Rose or the plaintiff was in reality and in fact simply the business and interest of said H. E. Rose, done in the name of his wife or her mother, the plaintiff, for the use and benefit of said H. E. Rose.

Said $400 was paid to said H. E. Rose on November 17, 1910, and was due from him to your petitioners when judgment was entered herein, and said H. E. Rose owned the notes on which judgment was rendered when the judgment was rendered.

The notes amounting to $4,000 mentioned in the written contract above set forth, included the two notes on which judgment was rendered herein. The notes on which said judgment was rendered were past due before and when they were endorsed to the plaintiff."

There are further allegations of the petition to the effect that H. E. Rose and his wife refused to exchange properties with W. H. Horn, according to their written agreement thereinbefore set forth, and that—

"thereby your petitioner, W. H. Horn, lost about $15,000 as damages which he otherwise would have received and your petitioners desire to set off or recoup in this suit such part of said damages as may be necessary to satisfy the two notes on which judgment was rendered herein."

The Bill of Exceptions recites:

"The Court, having heard said affidavits and petitions, ruled that unless the plaintiff remitted or reduced said judgment to the extent of Four Hundred Dollars, the Court would set aside said judgment and thereupon the plaintiff credited upon and reduced said judgment to the extent of Four Hundred Dollars. And thereupon the Court denied said motion and refused to vacate or set aside said judgment herein and also refused said defendants W. H. Horn and W. F. Horn leave to file their pleas herein and to have a trial on the merits of the cause."

The appellants contend in their assignments of error and argument that the Circuit Court should have vacated the judgment and allowed them to file pleas and have a trial on the merits, or that in any event it should have compelled the crediting on the judgment in addition to the $400, of interest on the same from November 20, 1910, and of the costs of the case, and should have deducted from the judgment the "excessive and unreasonable sum therein allowed as attorney's fees."

We do not see any error in the action of the court unless it was as the appellee suggests, "in compelling appellee to elect whether she would credit $400 on the judgment or submit to have the confession opened to let in defenses."

There was no defense shown by the sworn petition to the notes in the hands of the plaintiff or of any previous holder.

If the affidavit in support of the motion to open the judgment did not "disclose a clear and equitable reason for opening the judgment and allowing the appellant to plead," then it was not an abuse of the discretion with which the court is vested in this matter of judgments by confession to deny the motion. *Pearce v. Miller,* 201 Ill. 188.

In this case, although the petition does in one paragraph aver "The notes on which said judgment was rendered were past due before and when they were endorsed to the plaintiff," yet in another part of the

petition the petitioners and affiants purport to set out the reasons for their belief that Nora Bevier was not a holder in due course and before maturity (after the second extension) as, according to the purport of the notes and endorsements, she appeared to be. Those reasons are manifestly insufficient and we think the affidavit considered together is far from clear and satisfactory on this point.

But if this be passed by and the notes and judgments assumed to belong to H. E. Rose, we see no "clear and equitable reason" for opening this judgment.

In the first place, the claim made is that of set-off or recoupment. No injury would be done to the appellants by relegating them to their own action against H. E. Rose who is not alleged to be insolvent or irresponsible. In the meantime the notes are outstanding legal obligations, to which the plaintiff certainly has the legal title whether or not she has the beneficial one.

Secondly, the damages claimed cannot, on account of their nature, properly be set off or recouped in an action on the notes, if the judgment was opened. They are unliquidated and it is plain that they do not spring from the same transaction as the notes.

Again, they are claimed as due only to W. H. Horn and W. F. Horn in the matter of the proposed purchase and resale of the "Adiramled," and to W. H. Horn in the matter of the exchange of real estate. The judgment was against three parties jointly, The W. H. Horn Cedar and Lumber Co., W. H. Horn and W. F. Horn. Indebtedness due to any number of the defendants less than the whole could not be set off in this action. *Dameier v. Bayor,* 167 Ill. 547; *Priest v. Dodsworth,* 235 Ill. 613-615.

As we do not think that the court was under any obligation to compel the crediting or deduction of $400, which was, in his discretion, made a condition of his

order and which was acquiesced in by the appellee, we do not think the complaint about the fact that the interest should have been added, tenable.

Nor were the attorney's fees unauthorized by the notes, nor so exorbitant as to require correction. But we do not think the case is one which demands an assessment of damages in this court as for a vexatious appeal.

The judgment of the circuit court is affirmed.

*Affirmed.*