## Edelman *v.* Scholl, Appellant.

*Partnership—Suit against partner—Set-off of partnership claim.*
A partner with the assent of his copartners, may set off, in an action against him personally, a debt due to his firm by the plaintiff in the suit. Proof of the account and of the assent of the partners to its use are all that is required. It is not necessary that the account should be assigned to the defendant; nor that the consent should be obtained before the suit was brought.

Argued Oct. 18, 1916. Appeal, No. 125, Oct. T., 1916, by defendant, from judgment of Municipal Court, Phila-

Statement of Facts—Verdict. [65 Pa. Superior Ct.

delphia Co., Dec. T., 1915, No. 306, for plaintiff on case tried by the court without a jury in suit of W. Rogers Edelman v. H. M. Scholl. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit on a loan. Before CRANE, J.

At the trial it appeared that H. M. Scholl and H. W. Snyder were partners in the taxicab and automobile business, and that the plaintiff was indebted to the firm in the sum of $243.90 for taxicab service. The defendant claimed to set off this amount against the claim in suit amounting to $170. The trial judge refused to admit any evidence as to the set-off, or any evidence showing an assignment by the partnership of the claim against the plaintiff, to H. M. Scholl. The rulings were as follows:

"Mr. Irwin: I offer in evidence Exhibit B, the account of W. Rogers Edelman, to the S. & S. Garage Co., and also the assignment by H. W. Snyder to H. M. Scholl of the balance due on the bill of account in my counter claim.

"Objected to. Objection sustained. Exception for defendant. (1)

"Mr. Irwin: I offer to prove by Mr. Snyder that an assignment of the book account was made by Mr. Snyder to Mr. Scholl.

"Objected to. Objection sustained. Exception for defendant.

"By Mr. Irwin:

"Q.—You are a partner of Mr. Scholl in the S. & S. Co.?

"A.—Yes, sir.

"Q.—You at various times, have performed taxicab service for Mr. Edelman?

"Objected to. Objection sustained. Exception for defendant." (2)

Verdict and judgment for plaintiff for $172.55. Defendant appealed.

357, (1916).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were (1, 2) rulings on evidence quoting the bill of exception and (3) refusal of binding instructions for defendant.

*R. F. Irwin, Jr.*, with him *Samuel M. Clement, Jr., F. R. Donahue*, for appellant.—One partner sued as an individual, may set off in that action any debts due the partnership of which he is a member when he has obtained the consent of his partner to the use of that set-off: Montz v. Morris, 89 Pa. 302.

*Donald Spencer Edmonds*, for appellee, cited: Cochran v. Cutter, 18 Pa. Superior Ct. 282; Craighead v. Swartz, 219 Pa. 149.

OPINION BY KEPHART, J., December 18, 1916:

Since Tustin v. Cameron, 5 Wharton 880, there has been no reason to doubt the right of one partner with the assent of his copartners, to set off, in an action against him personally, a debt due to his firm by the plaintiff in the suit. Proof of the account and of the assent of the partners to its use, are all that is required. It is not necessary that the account should be assigned to the defendant: Montz v. Morris, 89 Pa. 392. The answer and counterclaim set up the debt due the partnership and the plaintiff admitted in his reply to the counterclaim that he owed one hundred and seventy dollars of this debt. The reply was conclusive on the plaintiff for that amount. As stated in Montz v. Morris, supra, it was not necessary that the claim be assigned. Nor is it necessary that consent be obtained before suit. All that is necessary where the claim has been set forth in the affidavit of defense is that it appear in the evidence that the assent of the parties to its use had been given. The court was in error in excluding the counterclaim.

The judgment is reversed with a venire facias de novo.