THE HON. GEORGE W. FARR,
THE HON. CHARLES H. COOPER,
THE HON. WILLIAM L. HOLLOWAY,     } Associate Justices.
THE HON. ALBERT J. GALEN,

---

### HEINRICH, RESPONDENT, v. KIRBY, APPELLANT.

(No. 4,830.)

(Submitted May 31, 1922. Decided June 26, 1922.)

[208 Pac. 897.]

*Counterclaims—Contracts—Sales to Individual—Partnership Claims—Pleadings—Admissions—Instructions.*

Sales to Individual—Partnership Claim—Improper Counterclaim.
    1. In an action against an individual defendant to recover the price of livestock sold to him, a counterclaim for services rendered to plaintiff by a copartnership of which defendant was a member could not be set up even though the other partner consented thereto.

---

    1. Right to set off partnership debt against claim by individual partner, see note in Ann. Cas. 1915C, 809.

    *Died September 16, 1922.

    †Appointed September 28, 1922, to fill unexpired term of THE HONORABLE THEODORE BRANTLY.

Same—Pleadings—Admissions—Instructions.

   2. Where plaintiff alleged sale of cattle to defendant who did not plead payment as a defense but improperly set up as a counterclaim a partnership demand against plaintiff, the only question for the jury was the amount due, and therefore an instruction that it stood admitted that the amount due plaintiff remained unpaid and that the only issue for their determination was whether the amount was due and owing to plaintiff was correct.

*Appeals from District Court, Big Horn County; A. C. Spencer, Judge.*

ACTION by F. M. Heinrich against Charles N. Kirby. From a judgment for plaintiff and an order refusing a new trial, defendant appeals. Affirmed.

*Messrs. Grimstad & Brown,* for Appellant, submitted a brief; *Mr. Grimstad* argued the cause orally.

The question of permitting a partnership claim to be pleaded as a counterclaim against a claim of an individual has come up in various courts. One of the cases which is practically in point with the one here is the case of *Collins* v. *Campbell,* 97 Me. 23, 94 Am. St. Rep. 458, 53 Atl. 837. In this case, however, it involved an equitable setoff, but the principles of law laid down, we believe, are applicable to the facts here. (See, also, *McKay* v. *Hall,* 30 Okl. 773, 39 L. R. A. (n. s.) 658, 120 Pac. 1108; *Barnes* v. *Esch,* 87 Or. 1, 169 Pac. 512; *McKennon* v. *Palen,* 62 Minn. 188, 64 N. W. 387; *Ocmulgee Guana Co.* v. *Price,* 18 Ga. App. 206, 89 S. E. 156.)

Under statutes making liability on joint debts joint and several, it is held that an individual claim may be set off against a partnership liability. (*Omaha Crockery Co.* v. *Cleaver et al.,* 104 Kan. 642, 5 A. L. R. 1537, 180 Pac. 273.) The following cases also are authority for the proposition that where the liability of partners is both joint and several a claim against a partnership may be set off against the demand of an individual partner: *Davis* v. *Bessemer City Cotton Mills,* 178 Fed. 784, 102 C. C. A. 232; *Allen* v. *Maddox,* 40 Iowa, 124; *Weiss* v. *Wahl,* 5 Mo. App. 408; *Ruddle* v. *Horine,* 34 Mo. App. 616;

[64 Mont. 1.]

*A. D. Kneuper Specialty Co.* v. *Kneuper,* 171 App. Div. 555, 157 N. Y. Supp. 395.

In the case of *Howes* v. *United States,* 24 Ct. of Cl. 170, reported in 5 L. R. A. 66, the court held that the debt of one partner to the United States can, when all the partners acquiesce and agree to it, be set off against the debt of the United States to the firm of which he is a member.

The fact that George B. Kirby, the other member of the firm, consented to the counterclaim or setoff removed any objection plaintiff might have to it being used. (See *Mitchell* v. *Sellman,* 5 Md. 376; *McDonald* v. *MacKenzie,* 24 Or. 573, 14 Pac. 866; *Sanford* v. *Pike,* 87 Or. 614, 170 Pac. 729, 171 Pac. 394; *Smith* v. *Myler,* 22 Pa. St. 36; 24 R. C. L.·868, par. 74; 34 Cyc. 736; *Craig* v. *Henderson,* 2 Pa. St. 261.) This court is in favor of permitting counterclaims to be adjudicated whenever possible. This is, of course, in order to avoid multiplicity of suits. (See *Pittsmont Copper Co.* v. *O'Rourke,* 49 Mont. 281, 141 Pac. 849; *Scott* v. *Waggoner,* 48 Mont. 536, L. R. A. 1916C, 491, 139 Pac. 454; *First Nat. Bank of Butte* v. *Silver,* 45 Mont. 231, 122 Pac. 584.)

*Mr. T. H. Burke,* for Respondent, submitted an original and a supplemental brief, and argued the cause orally.

We contend that, for the purpose of bringing or defending a suit, a partnership is a distinct legal entity, and that a partner sued individually can no more defend by setting up a partnership claim against the plaintiff than a stockholder in a corporation upon a suit against him individually would have a right to set up a claim in favor of the corporation. (*Flynn* v. *Seale,* 2 Cal. App. 665, 84 Pac. 263; *McGuire* v. *Lamb,* 2 Idaho, 378, 17 Pac. 749; *Dameier* v. *Bayor,* 167 Ill. 547, 47 N. E. 770; *Bishop* v. *Matthews,* 109 Ga. 790, 35 S. E. 161; *Stewart* v. *Terwilliger,* 177 Mich. 513, Ann. Cas. 1915C, 838, 143 N. W. 17; *State ex rel. Shipman* v. *Allen,* 124 Mo. App. 465, 103 S. W. 1090; *Doyle* v. *Nesting,* 37 Colo. 522, 88 Pac. 862; *Drennen* v. *Gilmore,* 132 Ala. 246, 31 South. 90; *Western Coal & Min. Co.*

v. *Hollenback,* 72 Ark. 44, 80 S. W. 145; *Olson* v. *Lamb,* 56 Neb. 104, 71 Am. St. Rep. 670, 76 N. W. 433; *Sullivan* v. *Nicoulin,* 113 Iowa, 76, 84 N. W. 978.) There is only one exception to the general rule set forth in the foregoing authorities, and that is in cases where the sole surviving partner is sued. In such cases the courts hold that, while the survivor collects the partnership debts under a liability to account, still at law he is the sole creditor and has the sole power to collect the debt and to maintain a suit to recover it, and all the legal principles resulting from this principle are held 'to flow from it. (See *First Nat. Bank of Butte* v. *Silver,* 45 Mont. 231, 122 Pac. 584.)

MR. COMMISSIONER COMER prepared the opinion for the court.

The facts in this case may be briefly summarized as follows: Plaintiff and respondent, Frank M. Heinrich, commenced an action in the district court to recover from Charles N. Kirby, defendant and appellant, the sum of $9,000 for certain cattle alleged to have been sold him. Defendant answered, denying he purchased any cattle from the plaintiff and alleged if any were purchased, the purchase was made by him and George B. Kirby jointly as copartners. As a counterclaim, defendant set up certain alleged claims of the copartnership against the plaintiff, for services alleged to have been rendered plaintiff by the copartnership in grazing and caring for certain cattle of the plaintiff. Evidence of the counterclaims was excluded by the court on objection of the plaintiff, and offer of proof was made by the defendant. The jury were instructed by the court, without objection, that, if they found from the evidence that the defendant individually bought the cattle in question from the plaintiff and the sale was not made by plaintiff to a copartnership consisting of the defendant and George B. Kirby, then their verdict must be for the plaintiff for the amount of the purchase price, less such payments thereon as may have been made by the defendant. The jury found for

[64 Mont. 1.]

the plaintiff and, from the judgment upon the verdict and an order refusing a new trial, defendant appeals.

Error is alleged upon the refusal of the court to allow [1] evidence in support of the counterclaim. The jury by their verdict found that the cattle were not sold to the partnership, but to the defendant individually, and the partnership had nothing to do with the purchase of the property, so the question upon these appeals is whether the alleged causes of action of the copartnership against the plaintiff can be counterclaimed in an action brought on an individual liability of one of the copartners, the other copartner consenting to the counterclaim, at the trial.

Section 9138, Revised Codes of 1921, provides: "The counterclaim specified in the last section must tend, in some way, to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff a separate judgment may be had in the action: (1) A cause of action arising out of the contract or transaction, set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action; (2) in an action on contract, any other cause of action on contract, existing at the commencement of the action."

The counterclaim must be a cause of action against the plaintiff or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more of the defendants between whom and the plaintiff a separate judgment may be had in the action. A separate judgment could not be had between plaintiff and the defendant upon defendant's counterclaim in this case, because the counterclaim is in favor of the partnership and the partnership is not a defendant in the case; and for the further reason that the partnership is not indebted to the plaintiff, so the plaintiff could not have in this case a judgment against the copartnership. There is no mutuality between the cause of action pleaded

by the plaintiff and the counterclaims set up by the defendant. (34 Cyc. 712.)

The following cases hold that a counterclaim cannot be maintained under these circumstances: *Hook* v. *White*, 36 Cal. 299; *Flynn* v. *Seale*, 2 Cal. App. 665, 84 Pac. 263; *McGuire* v. *Lamb*, 2 Idaho (Hasb.), 378, 17 Pac. 749; *Bishop* v. *Matthews*, 109 Ga. 790, 35 S. E. 161; *Dameier* v. *Bayor*, 167 Ill. 547, 47 N. E. 770; *Stewart* v. *Terwilliger*, 177 Mich. 313, Ann. Cas. 1915C, 808, 143 N. W. 17; *State ex rel. Shipman* v. *Allen*, 124 Mo. App. 465, 103 S. W. 1090; *Doyle* v. *Nesting*, 37 Colo. 522, 88 Pac. 862; *Western Coal & Mining Co.* v. *Hollenbeck*, 72 Ark. 44, 80 S. W. 145; *Olson* v. *Lamb*, 56 Neb. 104, 71 Am. St. Rep. 670, 76 N. W. 433; *Sullivan* v. *Nicoulin*, 113 Iowa, 76, 84 N. W. 978; *Jones* v. *Blair*, 57 Ala. 457.

But it is contended that George B. Kirby consented to the partnership claims being counterclaimed against plaintiff's demand, and therefore it became a proper counterclaim under said section 9138. The record shows that at the close of the case, the defendant offered to show ''that said witness George B. Kirby hereby consents to said claim of $17,000 being counterclaimed against the claim of the plaintiff on the sale of said cattle mentioned in the complaint.'' An objection was made to the offer by the plaintiff and the objection was sustained by the court. The consent of George B. Kirby to the partnership claims being counterclaimed cannot change the situation of the parties to the action, and such consent does not make them proper counterclaims. The law provides for and defines counterclaims in said section 9138. If it is not a proper counterclaim when pleaded by the defendant, Charles N. Kirby, one of the partners and a party to the action, then it cannot become a proper counterclaim under the statute by the consent of George B. Kirby, the other partner who is a stranger to the action, for such consent does not bring it within the definition of a counterclaim. The case of *First Nat. Bank* v. *Silver*, 45 Mont. 231, 122 Pac. 584, does not aid the defendant, as the indebtedness sued upon was a part-

nership obligation and not an individual liability of one of the partners. The partner, George B. Kirby, did not become a defendant in the action; he assumed no liability either for costs or damages; if it was determined that the claims of plaintiff exceeded the counterclaims pleaded, judgment could not be entered against George B. Kirby, for the excess; and he, not being a party to the suit, would not be bound by the adjudication as to the amount of the counterclaims.

Another serious objection to the counterclaims is that, under section 9139, Revised Codes of 1921, in order to constitute a counterclaim, the facts must disclose a cause of action in favor of the defendant and against the plaintiff, existing at the commencement of the action. (*First Nat. Bank* v. *Silver, supra.*)

In some jurisdictions it has been held that the counterclaim may be allowed with the consent of the other partner. (*Montz* v. *Morris,* 89 Pa. 392; *Collins* v. *Campbell,* 97 Me. 23, 94 Am. St. Rep. 458, 53 Atl. 837.)

In *Jones* v. *Blair, supra,* the supreme court of Alabama, in passing upon this question said: "In *Taylor* v. *Bass,* 5 Ala. 110, it was said: 'The debt allowed as a setoff, by the court below, was due to the defendant and another as partners, and there is nothing in the record to show any assent of the one, that the other should appropriate it to his own use or sole benefit.' There was nothing in the record in that case to call for the last clause above copied. We have found no authority which authorizes the use of such partnership claim as a setoff against an individual liability, even when the other partner consents to such use. Such consent cannot retroact, and vest title in the individual partner sued *at the time suit was brought.* As we have shown above, and as all the authorities show, this is indispensable. We cannot follow the supposed implication contained in *Taylor* v. *Bass, supra.* One, and a sufficient reason for so holding, is that the defense of a setoff is always optional with the party making it. A party, indebted to a firm, and having a claim against one of its members, cannot

[64 Mont. 1.]

know that the several partners will give their consent that such partnership claim may be used by the one partner in discharge of his individual debt.''

Counsel cite the case of *Manning* v. *Maroney*, 87 Ala. 563, 13 Am. St. Rep. 67, 6 South. 343, as adopting a contrary view, but we do not interpret the language of this opinion as being in conflict with the principle announced by that court in the earlier case of *Jones* v. *Blair, supra*. The supreme court of Iowa, in *Sullivan* v. *Nicoulin, supra*, said: ''In Pennsylvania, on the contrary, a partner may, with the assent of the other members, plead a firm claim as a setoff in such a case. (*Tustin* v. *Cameron*, 5 Whart. 379; *Montz* v. *Morris*, 89 Pa. St. 392.) The objection to such a rule is that a party bringing an action may never know whether a partnership account will be pleaded as a setoff, as all the members may not assent, and the individual creditor is thereby exposed to the uncertainties of meeting a defense depending solely on the course of others not connected with the suit. Besides, an unwarranted preference might sometimes in this way be obtained over other partnership creditors of the firm. Nor do these cases give any consideration to the point that the copartnership is a legal entity, distinct from the members composing it, and is the real party in interest, by which alone suit may be brought. It conclusively appears that all these items were owing to the firm, rather than to Nicoulin individually, and therefore were properly excluded from the consideration of the jury.''

We are of the opinion that, under the statute of this state, the defendant could not, under the state of facts disclosed by the evidence in this case, maintain the counterclaims pleaded, and that the ruling of the court sustaining the objection to evidence offered thereunder was correct. Some reference is made in the briefs as to the right of a surviving partner, when sued on an individual liability, to counterclaim copartnership indebtedness against the plaintiff in the action, but a decision of that question is not necessary to a determination of this case.

Defendant complains of plaintiff's offered instruction No. 2. [2] This instruction is as follows: "You are instructed that, for the purpose of this action, it stands admitted that the amount claimed by plaintiff is still owing and unpaid, and the sole question for you to decide is whether that amount is due and owing to the plaintiff from the defendant, Charles N. Kirby." There is no error, in our opinion, in giving this instruction. The plaintiff alleged a sale of the cattle. The answer denied the purchase of the cattle by the defendant and alleged if any were purchased it was by the copartnership. Payment was not pleaded as a defense, so the only question for the jury to determine was the amount due and owing. In the previous instruction the jury were told that, if the sale was made to the defendant individually, they must find for plaintiff for the amount of the purchase price less any payments made. We believe that from these instructions the jury clearly understood that they were to find for the plaintiff the amount that was due, giving the defendant credit for any payments that may have been made upon the purchase price. There was no error in either of these instructions.

We therefore recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*