ROBERT WICKLIFFE, ADMINISTRATOR, WITH THE WILL ANNEXED, OF LUKE TIERNAN, DECEASED, COMPLAINANT AND APPELLANT, *v.* BENJAMIN EVE, IN HIS OWN RIGHT AND AS ADMINISTRATOR OF JOSEPH EVE, DECEASED, RICHARDSON ADAMS, EXECUTOR OF RANDOLPH ADAMS, DECEASED, ROBERT P. LETCHER, JAMES BALLINGER, AND FRANKLIN BALLINGER.

Where a judgment had been obtained in the circuit court of the United States for the district of Kentucky, in a suit brought by a citizen of Maryland against certain persons in Kentucky, and the judgment was afterwards perpetually enjoined at the instance of the defendants, and a bill was filed by a citizen of Kentucky against the original defendants, who were also citizens of Kentucky, this bill was properly dismissed by the court for the want of jurisdiction.

The circumstance that the complainant claimed that this was in the nature of a bill of review of the decree which was passed in a suit between citizens of different States, was not sufficient to devest it of the character of an original bill.

Moreover, the administrator of a deceased partner had no right to interpose and claim a debt due to the partnership. It was the right of the surviving partner to settle up the concerns of the firm.

THIS was an appeal from the circuit court of the United States for the district of Kentucky.

The case is stated in the opinion of the court.

It was argued by *Mr. Preston,* for the appellant, and by *Mr. Blair,* for the appellees.

It would be difficult to report the arguments of counsel without giving a detailed history of the transactions between the parties. They are, therefore, omitted.

Wickliffe v. Eve et al.

Mr. Justice CATRON delivered the opinion of the court.

In 1822, some of the defendants made two notes, one for $1,308.44, and one for $1,383.95, to Luke Tiernan and sons; one payable the 1st of December of that year, and the other December 1, 1823.

In 1833, suits were brought by the plaintiff, as attorney of the payees, in the United States circuit court for the Kentucky district, and judgments were obtained by default.

No executions to enforce the judgments were put into the marshal's hands till December 15, 1845; and shortly after they were stayed by injunction, at the suit of some of the defendants against Charles Tiernan, the surviving partner, on the ground of payment, and the bar of the statute of Kentucky, for failing to sue out executions within twelve months after judgment; and on the 6th day of May, 1847, the injunction was, by decree of the United States circuit court, made perpetual.

Wickliffe had, in the mean time, brought suit against Luke Tiernan, claiming an indebtedness against him to the amount of about three thousand dollars, but never obtained judgment. He had attached the debt he alleged to be due by the defendants to Tiernan and Sons, and when the injunction suit was pending against the surviving partner, Wickliffe, having obtained letters of administration on the 13th of November, 1846, petitioned to be made a defendant, but the court overruled the motion.

On the 6th of December, 1847, he moved for leave to file a bill of review on the same ground, but the court also refused; and the present suit was brought to set aside the decree enjoining execution of the two judgments, on the ground that the decree in favor of Eve and others was obtained by fraud, through the connivance of Charles Tiernan, the defendant. The bill alleges, among other things, that Charles Tiernan was largely indebted to his father, and had assigned his interest in the judgments to him, and had become bankrupt. There is no averment in the bill that the partnership debts of Luke Tiernan and Sons had been paid; nor is there any averment that the complainant and defendants were citizens of different States.

Wickliffe attempted to have himself made a defendant to the suit of John G. Eve and others against Charles Tiernan, on the assumption that Luke Tiernan was indebted to him, Wickliffe, and he claimed a right to have part of the amount due to him from Luke Tiernan satisfied out of the moneys he alleged were due to Luke Tiernan and Sons from Eve and others. Charles Tiernan, being the surviving partner of the firm, had the sole right to defend the suit, as he represented the partnership property; in regard to which, the administrator of Luke Tiernan had a right to come into a court of equity by bill, to coerce the

surviving partner to settle, and pay the debts of the firm with the joint property; and after the creditors of the partnersh'p were satisfied, then Luke Tiernan's administrator might have come in on a bill, properly framed, for one third of the surplus, or as much more as Luke Tiernan was in advance to the firm. This familiar doctrine is well stated by Mr. Justice Story, in his work on Partnership, §§ 97, 347.

But the bill before us claims no relief in this form; the complainant asks that the decree releasing Eve and others may be set aside as fraudulent, and the balance due on Eve's debt may be decreed to him, as administrator of Luke Tiernan; and in this capacity he seeks to retain for himself, and subject the property of the firm to pay the debts of an individual partner. Charles Tiernan is no party to this proceeding, and as he was not brought before the court, there could be no jurisdiction taken of the subject-matter; he being legal owner of the *chose in action* claimed, if the claim had any existence.

The bill was dismissed in the circuit court, because the complainant and the defendants were citizens of Kentucky, and therefore the court declared it had no jurisdiction, for want of proper parties. To obviate this objection, it is insisted here, on the part of the appellant, that this is a bill of review of the proceeding in the cause of John G. Eve and others, against Charles Tiernan. The appellant having been refused the privilege to file a bill of review, he then filed this original bill, impeaching the decree for fraud; and to this bill none but citizens of Kentucky were parties.

It is manifestly an original bill, within the description given by Mr. Justice Story's Eq. Plead. § 404, and being so, the circuit court had no jurisdiction of the parties.

It is ordered that the decree, dismissing the bill, be affirmed.

## *Order.*

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Kentucky, and was argued by counsel. On consideration whereof it is now here ordered, adjudged, and decreed by this court that the decree of the said circuit court in this cause be and the same is hereby affirmed, with costs.