Myrick, J.
The defendants were accused by information of the crime of robbery. For two reasons the conviction must be set aside and a new trial ordered, viz.:—
1. The accused were convicted on circumstantial evidence only. The fact of the robbery was clearly proved. As a circumstance tending to show that the defendants were present at the robbery, and were the persons who committed it, the prosecution gave evidence that certain boot-marks of peculiar characteristics were found the day after the robbery at the place, and were traced from that point along a trail for about eight miles, to a gate leading into a corral at the place of residence of defendant Myers. In no other way was a boot of that description traced to the defendants. The defendants offered to prove.that on the third day after the robbery, at a place more distant than Myers’s residence, but within three days’ foot travel, two men (other than the defendants), of about the same stature and of similar complexion, were seen, and that a boot worn by one of them left marks precisely similar to those found on the trail. This evidence was objected to. We copy from the transcript.
*582 ‘ “The Court.—If you say your object in introducing this testimony -is to identify or show that it was the defendants or either one of them that was there at that time, the court will permit the evidence.
“Defendants’ counsel.—That .we were there with that peculiar track? No; we don’t do that. Our purpose is to show that it was not the defendants who robbed the stage.
“The Court.—Taking that view of it, the court will •certainly sustain the objection.”
In other words, if needed in order to more clearly present the ruling: If the evidence offered would tend to show the guilt of the defendants, it was admissible; but if to show their innocence, it was inadmissible.
2. The jury was during the trial placed in charge of the sheriff. A reward had been offered for the conviction of the defendants, and the sheriff hoped to obtain the reward. He paid out some considerable money in and about the trial, and had no expectation of being repaid therefor except in case of conviction. During the trial, and while the jury was in his charge, on at least two occasions, the sheriff conducted the jurymen to public saloons in the town and furnished them liquors at his expense. This manifest irregularity is not counterbalanced by the fact that the jurymen on one occasion were “ treated ” by one of their own number, and on another occasion by one of the attorneys for the defendants.
The judgment and order are reversed, and the cause remanded for a new trial.
Morrison, 0. J., McKee, J., .Sharpstein, J.. and Thornton, J., concurred.