Argued and submitted May 1, decided May 16, 1911.

## ARMSTRONG v. HOLLEN.

[115 Pac. 423.]

PARTNERSHIP—CONTRIBUTION TO CAPITAL—NATURE.

1. A contribution to the capital of a partnership by a member does not constitute a loan to his associate; title thereto passing to the firm.

PARTNERSHIP—OBLIGATIONS BETWEEN MEMBERS—ASCERTAINMENT.

2. No indebtedness exists between the members of a partnership until it is wound up, the firm indebtedness discharged, and the balance between the partners ascertained.

PLEADING—ANSWER—EFFECT.

3. In an action for money claimed to have been loaned, for services rendered, and for goods sold and delivered, an answer alleging a partnership between the parties, and that the things furnished by plaintiff were contributions to the firm capital, pleaded matter in bar, and not in abatement, as affected by the rule that a plea in abatement is waived when joined with the general issue.

From Gilliam: WILLIAM L. BRADSHAW, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by C. F. Armstrong against A. S. Hollen. The complaint has two counts for money alleged to have been loaned by the plaintiff to the defendant at different dates and two counts wherein the plaintiff claims as the assignee of a firm consisting of himself and R. E. Armstrong for materials furnished and services rendered by that firm for the defendant amounting to $61.20, and the further sum of $739.15 for barley sold and delivered by the firm to the defendant.

The answer denies every allegation of the complaint, except that Armstrong & Armstrong were copartners as stated, and that the alleged assignments of that firm to the plaintiff were made as set forth. For a further and separate answer, the defendant avers, in substance, that he and the plaintiff entered into a copartnership known as the Condon Milling Company, that it was agreed by them that the plaintiff was to be a silent partner, and that the moneys charged in the complaint to have been loaned to the defendant and the materials and services rendered

and the barley said to have been sold and delivered to the defendant were all furnished by the plaintiff to the Condon Milling Company as and for the plaintiff's contribution as a silent partner to the capital of the firm.

The court below sustained a general demurrer to the new matter in the answer, and, the defendant declining to amend, the action was heard upon the general issue raised by the denials, and resulted in a verdict and judgment in favor of the plaintiff in the sum of $1,176.48. The defendant appeals.                                REVERSED.

For appellant there was a brief over the names of *Mr. T. A. Weinke* and *Mr. D. J. Kavanagh,* with an oral argument by *Mr. Weinke.*

For respondent there was a brief over the names of *Mr. Jay Bowerman* and *Mr. William H. Wilson,* with an oral argument by *Mr. Bowerman.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. A contribution to the capital of a firm by a partner does not constitute a loan to the other partner. In such a transaction the title to the money or property so contributed passes to the firm from the partner advancing it, and he must look for reimbursement to the success of the partnership venture.

2. No indebtedness exists between the partners as to the partnership until it is wound up, the firm indebtedness discharged, and a balance ascertained between the partners. Not until then under such circumstances can an indebtedness arise. It is possible, indeed, for one partner to lend money to a firm. As applied to this case, a loan to the firm would not be a loan to the individual partner. The partnership is an entity distinct from either partner.

3. The fallacy of the plaintiff's argument lies in the assumption that the affirmative matter of the answer is a plea in abatement which is waived when joined with the

general issue. If as a matter of fact, as alleged in the new matter of the answer, the money, grain, materials, and services mentioned in the complaint were contributions to the capital of the Condon Milling Company, they could not constitute a loan as charged in the complaint, and the establishment of the allegations of new matter in the answer would be a bar, not an abatement, of the action. A judgment in favor of the defendant in such a case would leave the plaintiff free to bring his suit in equity to wind up the partnership and state an account of its affairs. Such a suit might result in the declaration of a balance in favor of the plaintiff after the extinction of the indebtedness of the firm, but not until the balance was ascertained would there be any indebtedness from the defendant to the plaintiff, and then it would be an indebtedness arising from the contract of record, to wit, the decree of the court declaring such a balance in favor of the plaintiff.

It was error to sustain the demurrer to the new matter in the answer.

The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.          REVERSED.