MYERS, RESPONDENT, *v.* SUMER, EXECUTRIX, APPELLANT.

(No. 4,864.)

(Submitted September 13, 1922. Decided October 10, 1922.)

[210 Pac. 76.]

*Partnership — Dissolution by Death—Accounting—Executors and Administrators—Complaint—Insufficiency.*

Partnership—Executors and Administrators—Accounting—Insufficiency of Complaint.

1. The complaint in an action by a surviving partner against the executrix of the deceased partner for a partnership accounting must allege that as surviving partner he has accounted to the defendant or that a claim had been presented to her for allowance or rejection before commencement of the action; in the absence of such an allegation the pleading does not state a cause of action.

Same—Accounting—Involuntary Trust—Complaint.

2. Where a surviving partner sues the executrix of his deceased partner, alleging as one cause of action that deceased took a deed to certain property in his own name, instead of the name of the partnership, and seeking a decree for a half interest therein and for a general accounting, his contention that the cause of action was not for an accounting but to enforce an involuntary trust is without merit.

*Appeals from District Court, Custer County; Daniel L. O'Hern, Judge.*

ACTION by Joseph Myers against Sarah W. Sumer, executrix of the estate of Rudolph Sumer, deceased. From a judgment for the plaintiff and order overruling defendant's motion for a new trial, defendant appeals. Reversed.

*Messrs. Walker & Nelstead,* for Appellant, submitted a brief and one in reply to that of Respondent. *Mr. Sharpless Walker* argued the cause orally.

*Messrs. Loud & Leavitt,* for Respondent, submitted a brief;
*Mr. Charles H. Loud* argued the cause orally.

MR. COMMISSIONER FORD prepared the opinion for the
court.

This is an action brought by the plaintiff for a partnership
accounting. The defendant is the widow of Rudolph Sumer,
deceased, and is made a party defendant as the executrix of
the last will and testament of the decedent.

In his amended complaint, the plaintiff sets forth two causes
of action. In the first cause, summarized, he alleges the
appointment of the defendant as such executrix, and that on
or about the first day of May, 1899, the plaintiff and one
Rudolph Sumer, the above-named decedent, entered into an
oral agreement of partnership to engage in the general live-
stock and ranching business under the firm name of Sumer &
Myers; that among other things they agreed that the copart-
nership should acquire certain lands for the purpose of en-
abling it to carry on its business; that the plaintiff was to
furnish the cattle, and said Rudolph Sumer was to run, keep
and manage them at his own expense until such time as plain-
tiff secured a sum equivalent to the purchase price of said
cattle; and that thereafter the plaintiff and Sumer were to be
equal partners in such business; that on the twenty-ninth day
of November, 1902, a written agreement, incorporating certain
terms of the oral agreement, was entered into by said parties,
and they continued in said business under such agreement
until the death of Rudolph Sumer, and that ever since the
termination of such partnership the plaintiff continued to
carry on the partnership business as surviving partner; that
on or about the eighth day of August, 1901, the plaintiff and
Rudolph Sumer as such partners, and for and on behalf of the
copartnership, purchased from the Northern Pacific Railway
Company section 35, township 5 north, range 47 east; that the
purchase price was paid therefor by the partnership with

funds of the partnership, and Sumer, without the knowledge or consent of the plaintiff, took the deed of said section in his own name.

Under the second cause of action plaintiff alleges that during the existence of the partnership Sumer generally managed the said business and received all the proceeds therefor, and diverted much thereof to his own use, amounting to $10,000 in addition to his proportionate share of the proceeds; that Sumer kept general books of account, papers, vouchers, receipts, and canceled checks, which constituted the entire record of the partnership business, and the same came into the hands of the defendant after the death of said Sumer, but she, as such executrix, refuses to deliver them to the plaintiff; that the defendant, since the death of Sumer, has appropriated certain cattle and other personal property of the partnership.

The prayer of the plaintiff is that the plaintiff be decreed to be the owner of an undivided one-half interest in and to said section 35, and that the defendant be required to execute a deed therefor; that she be required to produce all books of account and other papers relating to the partnership business; that she account for the personal property appropriated by her, and for a general accounting of the partnership business.

To the plaintiff's amended complaint, the defendant interposed both general and special demurrer that said amended complaint did not state facts sufficient to constitute a cause of action; that the causes of action were improperly united, which said demurrer was overruled by the court; and defendant answered, admitting that she is the executrix of the estate of Rudolph Sumer, deceased; that the agreements of the partnership set forth in plaintiff's amended complaint were entered into, and the partnership was continued under such agreements until May 1, 1904, when a new partnership agreement was entered into, whereby said Rudolph Sumer was to receive a reasonable amount for conducting the partnership business, and all expenses for hay and labor, and all other expenses for running said cattle. The defendant denies all the other allega-

tions of the amended complaint, and avers that the plaintiff
is indebted to the defendant in the sum of $10,000 for cattle
and other property sold by the plaintiff as surviving partner.

The prayer in the answer asks for a general accounting of
said partnership business; that the plaintiff be required to
account to the defendant for all the cattle and other property
of the partnership sold by him as surviving partner, and the
balance found due to the defendant for the wages of said
Rudolph Sumer, and expenses paid by him.

Plaintiff by his reply denied the affirmative matter contained
in the defendant's answer.

The first cause of action was tried by the court with a jury,
which returned special findings; and the second cause of action
was referred to a board of referees, which thereafter filed
its report, and the court adopted the findings of the jury and
the report of the referees, and entered judgment thereon in
favor of the plaintiff and against the defendant, declaring
that the plaintiff owned an undivided one-half interest in said
section 35, and there was due the plaintiff from the partner-
ship of Sumer and Myers the sum of $4,541.06, from which
said judgment and order overruling defendant's motion for a
new trial these appeals are taken.

The appellant makes ten assignments of error, one only of
which we deem it necessary to consider, namely, Does the
complaint state facts sufficient to constitute a cause of action?

The complaint does not allege that the plaintiff, as surviving
[1] partner, accounted to the defendant as said executrix,
or that a claim was presented to the executrix for allowance
or rejection, before the commencement of the action, which it
was held in the case of *Mares* v. *Mares,* 60 Mont. 36, 199 Pac.
267, plaintiff was bound to do. And it can serve no useful
purpose here to again discuss that feature of this case. Neither
does the answer of the defendant supply such essential aver-
ments.

The plaintiff contends that his first cause of action is not one
[2] for an accounting, but one to enforce an involuntary

trust. The same contention was made in the case of *Mares* v. *Mares, supra,* and was therein disposed of by the court adversely to such contention, wherein the court says: "This contention is without merit, as the plaintiff predicates his cause of action upon his individual rights, rather than those of the partnership."

For the reason that the complaint does not state a cause of action, we recommend that the order and judgment herein be reversed and the cause remanded, with directions to dismiss the complaint.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and the cause is remanded to the district court, with directions to dismiss the complaint.

*Reversed.*