LINK, APPELLANT, *v.* HAIRE, EXECUTRIX, RESPONDENT.

(No. 6,271.)

(Submitted April 4, 1928. Decided May 23, 1928.)

[267 Pac. 952.]

*Partnership—Dissolution by Death of Member—Right of Survivor to Sue Executor of Deceased Member for Accounting.*

Partnership—Dissolution by Death of Member—Action by Surviving Member Against Executor of Decedent for Accounting Lies, When.
1. *Held*, that where a partnership was dissolved by the death of one of its two members, the surviving partner could maintain an action in equity against the executrix of the decedent for an accounting, on his complaint showing substantially: that the partnership was not indebted to third parties; that plaintiff had

---

1. See 20 Cal. Jur. 829; 20 R. C. L. 1010, 1013; 10 R. C. L. 256.

no partnership property of consequence in his possession; that the decedent during his lifetime had drawn out of partnership funds a much larger amount than had plaintiff; that defendant had in her possession partnership property which she claimed belonged to the estate; that he had presented a claim to her in her representative capacity against the estate for what he considered due him under the partnership agreement, to which claim was attached a statement of the accounts of the partnership in detail as prepared by an accountant, such claim and statement constituting his accounting with the defendant; that his claim was rejected and that he was willing to do equity in every respect. (*Mares* v. *Mares*, 60 Mont. 36, distinguished, and language therein, if susceptible of a construction that under no circumstances may a surviving partner sue the personal representative of his deceased partner for an accounting, disapproved.) (MR. JUSTICE GALEN dissenting.)

Same—Death of Partner—Duties of Survivor—Effect of Statute Relating Thereto as to Right of Survivor to Sue Executor of Decedent for Accounting.
2. Section 10261, Revised Codes of 1921, relating to the duties of a surviving partner in winding up the affairs of the partnership, does not by implication abrogate the right of the survivor to bring a suit in equity for an accounting against the personal representative of the decedent, in a proper case; if such was the intention the section would be unconstitutional, since district courts may not by legislative action be deprived of jurisdiction in all equity cases granted them by section 11, Article VIII of the state Constitution.

---

[1] Executors and Administrators, 24 C. J., p. 323, n. 83, p. 384, n. 6. Partnership, 30 Cyc., p. 649, n. 56, 58, p. 716, n. 44.
[2] Courts, 15 C. J., p. 994, n. 7. Partnership, 30 Cyc., p. 622, n. 40, p. 633, n. 35, p. 650, n. 60.

*Appeal from District Court, Lewis and Clark County; A. J. Horsky, Judge.*

ACTION by John G. Link against Frances C. Haire, as executrix of the will of Charles S. Haire, deceased. Judgment for defendant and plaintiff appeals. Reversed.

*Mr. William Scallon* and *Mr. William T. Pigott,* of Counsel, submitted an original and a supplemental brief and argued the cause orally.

If the plaintiff in this case is not entitled to recover upon proof of allegations of his complaint, it would seem as a necessary consequence that in no case could a surviving partner recover from the estate of a deceased partner.

We do not question the rule that before an action at law, as distinguished from one in equity, may be brought by one partner against another, or even by an ex-partner against an ex-partner, there must be a settlement of accounts between them and a balance ascertained. That very proposition necessarily implies that there must be a method of securing such a settlement and ascertainment of a balance. In other words, there must be a method for settling the accounts between the former partners. That method is a suit in equity for an accounting. That is what the cases cited to the rule in question mean. They do not mean that there is no remedy at all between partners, but simply that a partner cannot sue as upon a debt where there has been no adjustment and no balance struck.

Here the defendant would deny the plaintiff any right, even the right to get a settlement and adjustment of the affairs of the partnership. And this, despite the fact that the partners between themselves stood in a fiduciary relation and occupied a position of trust one toward the other and were accountable as such.

The complaint states that there was never any definite or final accounting between the plaintiff and the late Mr. Haire, or any settlement of accounts between them. But the plain meaning of this allegation and of all others in the complaint is that, as between the parties themselves, there has been no definite final settlement or accounting. That does not mean that the affairs of the partnership, in so far as their relation to third parties is concerned, have not been wound up or are not in a condition for settlement between the partners. The complaint does state the present condition of the business. It states its assets; it shows where they are and what they consist of. It is submitted that that is all that need be stated in that respect. Upon that statement it can be seen whether it is possible to have a settlement. The shares of stock, other than the certificate of shares in the Marsh Mining Company, are in the possession of the defendant. Is it

really contended that the plaintiff should have sold them, should have done something with them? How could he? The simple truth is that these shares can be divided between the partners or, according to the offer of the plaintiff, if the defendant wishes to retain them, then the share of the deceased will be charged with them. So that matter is easily settled and settled in the simplest way, viz., by division in kind, or by alloting them to one or the other of the parties. However, the defendant expresses neither a desire to keep them nor a wish that the plaintiff shall take them. On the contrary, she denies that they are assets of the partnership.

*Myers* v. *Sumer*, 64 Mont. 342, 210 Pac. 76, is authority for the proposition that in a case like this the plaintiff must allege that he has accounted to the defendant as executrix, and that claim has been presented. Those allegations appear in the complaint. Therefore, we are clearly within the ruling of that case. *Mares* v. *Mares*, 60 Mont. 36, 199 Pac. 267, is cited in *Myers* v. *Sumer,* supra, in support of the ruling just referred to, and that is all that is really decided in *Mares* v. *Mares*, and what is said in that case (60 Mont., page 52) about its appearing from the complaint that the partnership affairs had not been settled and that there is indebtedness due to the plaintiff from the copartnership, must be read in connection with the next sentence, which is to the effect that all of the affairs had not been terminated as appears by the complaint and that until the surviving partner has accounted to the executrix he has nothing more than a contingent claim against the estate of the deceased partner. In other words, the accounting to the personal representative of the deceased is a condition precedent in such a case to the right to maintain an action. We have complied with that; we have accounted and we have filed claim. The claim has been rejected. What is left to be done? What can be done? Why, only to bring suit.

The complaint contains an offer to account on plaintiff's part and shows the willingness on his part at all times to account.

That seems to be a requisite to the statement of a cause of action in equity, but it also shows that the plaintiff is not restricting his action and making it one for money due or money had and received, but, while claiming to have accounted, is willing to throw open the whole matter and does throw it open so that the defendant would be entitled to the full benefit of a general account.

Essentially, the action is one for a settlement of accounts and therefore for an accounting. No matter what name it might be given, no matter what description might be made of it, it involves that, essentially and necessarily. In such an action the respective rights of the parties are up for adjustment and will be adjusted.

In support of our contention that the surviving partner can maintain an action in equity for an accounting, we refer to 30 Cyc. 649; *Mentaberry* v. *Mentaberry,* 47 Nev. 326, 220 Pac. 548; *Choate* v. *O'Neal,* 57 Ark. 299, 21 S. W. 470; see, also, *Kelley* v. *Greenleaf,* 14 Fed. Cas. No. 7657; *Gaskill* v. *Spence,* 83 Mo. App. 380; *Raisch* v. *Warren,* 18 Cal. App. 655, 124 Pac. 95; *Fong Sing* v. *O'Dell,* 50 Cal. App. 55, 194 Pac. 745; and *Bruns* v. *Heise,* 101 Md. 163, 60 Atl. 604.

The decisions of this court in *Myers* v. *Sumer* and in *Mares* v. *Mares* rule that the survivor must do what he can to close up the affairs and must account. It is submitted that they do not go beyond that. The plaintiff has complied with the rules thus laid down.

*Messrs. Hurd, Rhoades, Hall & McCabe* and *Mr. E. C. Day,* for Respondent, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

Having in mind the provisions of section 10261, Revised Codes of 1921, it was held by our supreme court in the case of *Mares* v. *Mares,* 60 Mont. 36, 199 Pac. 267, that where the affairs of a general partnership dissolved by death were not fully settled, an action for an accounting by the surviving partner for his sole benefit, against the executrix of the de-

cedent, did not lie, in view of section 7607, which *inter alia* makes it the duty of the survivor who, in contemplation of law, is in actual possession of the partnership property, to wind up its affairs, and thereupon account to the personal representative of the decedent. In the same case it was held that until the affairs of the partnership have been terminated and settled, and the surviving partner has accounted to the executrix and performed his trust, he has nothing more than a contingent claim against the estate of the deceased partner. (See, also, *Boehme* v. *Fitzgerald*, 43 Mont. 226, 115 Pac. 413; *Silver* v. *Eakins*, 55 Mont. 210, 175 Pac. 876; *Myers* v. *Sumer*, 64 Mont. 342, 210 Pac. 76; *McKay* v. *Joy*, 70 Cal. 581, 11 Pac. 832; *Gleason* v. *White*, 34 Cal. 258; *Armstrong* v. *Hollen*, 58 Or. 534, 115 Pac. 423; *Pierotte* v. *Connally*, 162 Ga. 243, 133 S. E. 238; *Evans* v. *Hoyt*, 153 Ark. 334, 240 S. W. 409; *Painter* v. *Painter*, 68 Cal. 395, 9 Pac. 450.)

It seems clear under the above authorities that the complaint does not state a cause of action, and this counsel admitted after the presentation of the question to the court below. After the court had decided that the original amended complaint did not state facts sufficient to constitute a cause of action plaintiff obtained from the court a revocation of the order dismissing the action and was granted leave to amend his amended complaint.

After the amendments were made, the court held that they did not change the situation and that the amended complaint, as amended, still failed to state facts sufficient to constitute a cause of action, and ordered the cause dismissed. In the amendments, as in the claim presented, plaintiff expresses himself as being willing to account. Such willingness is wholly insufficient to afford a basis for the present action. Plaintiff was required to have accounted before the suit was brought. Failing to show such an accounting and settlement affirmatively in his complaint, and the presentation of a claim based upon such a settlement, he was not entitled to relief against the defendant, and the court was not in error in sus-

taining the objection to the introduction of evidence. (*Pritchard* v. *Mercantile Meat Co.*, 65 Cal. App. 327, 224 Pac. 103.)

Counsel for appellant challenges the correctness of the decisions of this court hereinabove cited, upon the ground that if these decisions can be interpreted to justify the holding that the plaintiff in this case is not entitled to recover upon the proof of the allegations of his complaint, it would seem to be a necessary consequence that in no case could a surviving partner recover from the estate of a deceased partner; that to so interpret these decisions would be to make the rules laid down by the court both unreasonable and unjust and destructive of rights. In support of this contention counsel quotes the well-known maxim, ''Where there is a right to be protected there is a remedy.'' Or as the idea is expressed in our Civil Code, Revised Codes 1921, section 8752: ''For every wrong there is a remedy.'' But counsel's argument is based upon a misconception of what is meant by the settlement of accounts between a surviving partner and the representative of the deceased partner. In the case at bar the plaintiff has only made an offer to settle. His offer to settle was based upon a schedule of his own receipts and disbursements, kept in some manner by himself, without any allegations that the deceased partner knew they were being kept and acquiesced therein, or that the defendant is in a position to know of their correctness. Nor does the plaintiff tender any vouchers or other evidence of the correctness of such accounts other than his own statement. It is not alleged that any joint or firm books of account were kept by anyone, or that the firm had any joint bank account or funds invested in the business. A casual examination of the schedules forming a part of the complaint discloses that these schedules are nothing but annual summaries of receipts and disbursements of each, without any itemization, covering almost nineteen years, during which period of time plaintiff never sought nor had from his alleged partner an accounting. Nor do these schedules disclose any crediting or division of earnings between the

parties except in the case of the business alleged to have been carried on at Butte and Missoula, in each of which cases a balance was struck and the proceeds divided. As to all of the other business of the alleged firm the pretended account tendered by plaintiff consisted solely of a summary of receipts and disbursements by him, none of which were supported by vouchers or by anything to indicate that the deceased had any knowledge of them, or knew anything about them. The so-called pretended claim, which was nothing but an offer to account, was presented to the executrix on the second day before the expiration of the statutory period within which claims could be presented against the estate. To contend that because the plaintiff had neglected to settle the pretended accounts for more than a period of ten months after the death of his alleged partner, and then attempted to throw the burden of accounting upon the executrix, without any allegation that the executrix had in her possession anything upon which to base an accounting, is to present a situation similar to that which this court condemned in the *Mares Case*.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This action was instituted by the plaintiff, a surviving partner, against the executrix of the will of Charles S. Haire, a deceased partner, for an accounting, predicated on a claim filed with and rejected by the executrix. After issue had been joined by defendant's answer and plaintiff's reply thereto, the cause was brought on for trial before the court without a jury. At the outset the defendant objected to the introduction of evidence on the ground that the complaint fails to state facts sufficient to constitute a cause of action. The objection was sustained and thereupon judgment was entered in favor of the defendant, from which plaintiff has appealed.

The sole question for decision is, did the court err in sustaining defendant's objection and in entering judgment against the plaintiff?

It is alleged in the complaint, among other allegations, that in the year 1905 the plaintiff and the decedent, Charles S. Haire, who were architects, entered into a verbal agreement to practice their profession as partners commencing with January 1, 1906; that the shares of the partners were to be equal and there was no limit of time nor term fixed for the duration of the partnership; that pursuant to the agreement they carried on the business of architects as partners under the firm name of Link & Haire, until the death of Haire; that there never was any dissolution of the partnership except by the death of Haire and no interruption thereof from the time of its formation; that the plaintiff and the decedent as such partners maintained throughout the existence of the partnership offices in the cities of Billings and Helena, and at various times they also maintained offices in the cities of Butte, Miles City, Missoula and Lewistown, in addition to the Helena and Billings offices; that there never was any settlement of accounts between the partners, and that the accounts between them were unsettled at the time of the death of Haire; that Haire collected and received for the account of the partnership and for its use sums of money largely in excess of all sums collected by the plaintiff, and that of the moneys so received by Haire he still retained at the time of his death a large amount undivided and undistributed between the partners, of which one-half belonged to the plaintiff; that Haire died on or about the second day of February, 1925, and that at the time of his death he was a resident of the county of Lewis and Clark, and left estate therein; that he left a will of which defendant is the duly appointed, acting and qualified executrix; that two days before the expiration of ten months after the first publication of notice to the creditors of the deceased the plaintiff presented to the executrix a claim based upon the partnership relations which had existed between plaintiff and decedent. The claim, which is made part of the complaint itself, embraces the main facts which constitute the basis of the action, and sets

forth the partnership accounts in great detail. It is averred therein that the books in the Helena office were kept by the decedent or under his direction, and the bookkeeping for the Missoula, Butte, Lewistown and Miles City offices, and during part of the time for the Billings office, was done by the decedent. From these books the claimant caused a statement of the accounts of the partnership to be prepared by Hugh D. Galusha, a certified accountant, which statement was made a part of the claim. Claimant alleged that upon the account rendered there was due him from the estate a balance of $37,103.03. He averred, "claimant tenders this as his accounting for the affairs of said partnership with the representative of said decedent and also thereupon, as well as on said books, bases his claim in his favor for the amount above stated." Claimant stated that he had in his possession no partnership assets except a certificate of stock for 300 shares in a mining company called the Marsh Mining Company; "that at the time of the death of said Charles S. Haire the said shares were, and ever since have been, without any value"; he acknowledged that one-half of this certificate belongs to the estate and averred his willingness to turn it over. He went on to say that there were drawings for buildings in his possession, and also in the Helena office. These drawings have no market or salable value, in so far as claimant knows. "He is willing and hereby offers to deliver copies of all such as he has in his possession, and he would desire copies of those in the possession of decedent at the time of his death, and which are now in the possession or under the control of the executrix." The decedent, claimant averred, received in payment of work done by the firm shares of stock in certain companies, aggregating $13,000 at face value, which are now claimed by the executrix as the personal property of decedent. "Claimant is willing to allow the executrix to keep same provided claimant gets proper credit therefor. In the statement and claim herewith presented these stocks are charged to the decedent as if they were cash withdrawals

made by him; but if one-half thereof, to wit, claimant's share thereof, be delivered to him, he is willing to give credit on his claim for the face value of the shares that may be so delivered to him.'' Bonds of the face value of $1,500 were received by the decedent on account of partnership business, which decedent sold; in the claim this sum was charged to the decedent. Other items need not be noted.

It is reiterated in the complaint that the claim as presented is, and was intended to be, at one and the same time an accounting of the plaintiff to and with the defendant for the affairs of the partnership and a claim for the balance due plaintiff on account of the partnership business; that the plaintiff has always been ready and willing to account with the deceased for the affairs of the partnership, and ever since decedent's death has always been ready and willing to account with the defendant for the affairs of the partnership and still is ready and willing to do so, and ''hereby offers to do so''; that there was not at the time of the presentation of plaintiff's claim, or thereafter, any contract or work to be performed on the part of the partnership; that the affairs of the partnership, at the time of the presentation of the claim, had been settled in so far as third parties are or were concerned, except as to the claims against third parties which are listed in the account; as to these, the plaintiff alleged that two, which he described, had been taken possession of by the defendant, inventoried as part of the assets of Haire's estate and claimed as its exclusive property by the defendant; that plaintiff had diligently endeavored to collect the other claims mentioned in the account but had been unable to collect anything up to the filing of his claim against the estate or the institution of this action. He alleged ''that the plaintiff will account to said defendant for anything collected thereon and will continue his endeavors to collect the same.'' He explained why some were uncollectible. Respecting the shares of stock appropriated by the decedent and claimed as his personal property by the defendant, referred to in the claim,

plaintiff averred his willingness to take over the whole or any part thereof at face value and to give credit therefor to the defendant, or to allow the defendant to retain them if she prefer, and in such case charge the same against Charles S. Haire; plaintiff has been and still is willing that the same be sold and turned into cash and the cash taken into account.

By amendment to the complaint it is averred that since the presentation of the claim and the account therein stated, plaintiff has discovered that a number of items of money received by plaintiff were omitted from the account presented by him; that they were so omitted through error and that neither plaintiff nor the accountant employed by him to prepare the statement of account had found the items, and that the plaintiff at the time of the preparation of the account and the making of his affidavit had no recollection thereof; that since the presentation of the claim he received fifty dollars; that the aggregate amount of the moneys received by plaintiff and not accounted for in the claim is $16,503.13; that some expenditures made by him were not taken into account in the claim, aggregating $3,179.89, leaving a net sum of $12,328.24, which belongs to the firm; that the items so received by plaintiff and the items of expenditures are set forth in a statement thereof attached to the amended complaint, marked Exhibit "A." Plaintiff alleges on his information and belief that there was not at the time of the rendering of the account by plaintiff, or of the filing of the claim by him, and there is not now, any debt due from the firm, or any liability of it; that plaintiff in his claim, and particularly in the affidavit accompanying the claim, having waived any claim to expenses not included by him in the claim, "now offers to account for the sum so received by him, as in the next preceding paragraph stated, without any deduction for disbursements, and hereby offers to charge himself therewith, and give credit to the defendant for one-half thereof, and that hereby he does so, thereby reducing his claim to $29,348.96"; that decedent received to and for the use of the

partnership and retained and withdrew from the partnership sundry sums aggregating $180,781.68 over and above all the expenditures and disbursements made by him; that plaintiff has received to and for the use of the partnership and retained and withdrawn from the partnership the aggregate sum of $122,083.74 over and above all expenditures made by him exclusive of those not mentioned in his claim; that the difference between the net sum received, retained and withdrawn by decedent and that received, retained and withdrawn by plaintiff is $58,697.94, and that one-half thereof, to wit, the sum of $29,348.97 did and does belong to plaintiff, and that no part thereof or of the items or amounts making up the same was or has been paid to plaintiff by anyone or received by him and that the same is wholly unpaid; "that the plaintiff does not know of any items of receipts by him except those stated in the account and the others referred to in this complaint, but that he is willing and offers to make full discovery and accounting of all matters relating to said partnership and all his accounts therewith for any and all property of said partnership." The prayer is for judgment against the defendant for the sum of $29,348.96, or that the defendant be compelled to account to the plaintiff and ordered to pay over to him any balance found to be due on such an accounting.

The main question presented is whether a surviving partner [1] may in any case maintain an action for an accounting against the personal representative of the deceased partner.

The plaintiff alleges, and in so far as his allegations are well pleaded, it is admitted, that the partnership does not owe any debts, nor is it in any way obligated to third persons. The surviving partner has no partnership property of any consequence in his hands. He drew from the partnership income less than his partner, the decedent, who collected over $58,000 more than did the survivor; the survivor is entitled to one-half of that; the personal representative of the deceased partner, the defendant executrix, has in her possession

partnership property which she claims as the property of the estate of the decedent. The surviving partner presented a claim, as he was obliged to do (sec. 10173, Rev. Codes 1921); *Myers* v. *Sumer,* 64 Mont. 342, 210 Pac. 76; *Mares* v. *Mares,* 60 Mont. 36, 199 Pac. 267), in which he set forth the facts in great detail, as upon an accounting, in which he affirmed that the claim presented was and was intended to be, at one and the same time, an accounting with the executrix for the affairs of the partnership, and a claim for the balance due him; he asserted his willingness to do equity in every respect. The executrix rejected the claim utterly. In legal effect she denied the surviving partner's effort to account with her, and denied that he had any claim to property in her hands.

The inquiry arises, if the course pursued by the surviving partner was not a proper one, what should, or could, he have done? There are cases in which the surviving partner may sue the representative of the deceased partner at law, as where the surviving partner requires the property in order to apply it to the discharge of partnership obligations, and the representative withholds the property (*First Nat. Bank of Butte* v. *Silver,* 45 Mont. 231, 122 Pac. 584), or for a debt due from the deceased to the firm which does not form an item in the partnership account, or for a sum due from the estate of the deceased upon a final accounting, or for a definite sum by way of contribution. (30 Cyc. 648.) But this is not such a case. Here the surviving partner had done all the law required him to do; all that he could do; the partnership affairs were wound up save for the surviving partner's accounting and settlement with the personal representative, there being no debts or obligations due third parties. Upon the facts disclosed it would seem that he could not maintain an action at law against the defendant executrix for the possession of partnership property in her hands (*Silver* v. *Eakins,* 55 Mont. 210, 175 Pac. 876); and he could recover any balance due in right of his partnership interest only on a settlement of the firm account. (*Silver* v. *Eakins,* supra;

*Boehme* v. *Fitzgerald,* 43 Mont. 226, 115 Pac. 413; *Doll* v. *Hennessy Merc. Co.,* 33 Mont, 80, 81 Pac. 625.) Under the circumstances he was remediless unless equity could afford him relief. Here we are reminded that Aristotle defined the very nature of equity to be the "correction of the law, where by reason of its universality it is deficient." The definition has been approved or adopted by Grotius, Puffendorf, Blackstone and Story. (10 R. C. L. 256.)

The settlement of partnership accounts, and the division of the assets of the partnership among the partners, has always been one of the functions of a court of equity, because of the trust and confidence reposed by the partners in one another and the necessity of a discovery, and because a chancery court is able to investigate complicated accounts. Not only has equity jurisdiction in such cases, but frequently the only available remedy by which the affairs of a partnership can be settled by suit is by a bill in equity in proceedings in which the respective rights of the partners can be adjusted. (20 R. C. L. 1013.)

In the very nature of things this function must occasionally be of vital importance to the just settlement of disputes between the surviving partner and the personal representative. Practically the unanimous weight of authority sustains the right of the surviving partner in a proper case to maintain a suit in equity for an accounting and a decree against the personal representative of the deceased partner, or for other relief not obtainable at common law. (30 Cyc. 649; 3 Pomeroy's Eq. Jur., sec. 1154; Bates on Partnership, sec. 755; 20 Cal. Jur. 829; *Mentaberry* v. *Mentaberry,* 47 Nev. 326, 220 [2] Pac. 548.) It is urged that the rule is otherwise in this state in view of the construction placed upon section 10261, Rev. Codes 1921 (then sec. 7607, Rev. Codes 1907) in *Mares* v. *Mares, supra.* That section reads:

"When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner has the right to continue in possession of the partnership,

and to settle its business, but the interest of the decedent in the partnership must be included in the inventory, and be appraised as other property. The surviving partner must give a bond, with sufficient sureties, in favor of the executor or administrator, in a sum at least equal to the value of the interest of the deceased partner in the property of the partnership. The amount of said bond must be fixed, and the bond approved by the court. In case he fails to give such bond, the court or judge may compel its execution by attachment or other proper order. The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances as may from time to time be payable to him, in right of the decedent. Upon the application of the executor or administrator, the court or judge may, whenever it appears necessary, order the surviving partner to render an account, and in case of neglect or refusal may, after notice compel it by attachment; and the executor or administrator may maintain against him any action which the decedent could have maintained. The surviving partner is a trustee of the estate or interest of the deceased partner in the property of the partnership, for every purpose, and the court or judge may require the surviving partner to account at any time.''

In the main the statute is but an affirmance of common-law principles. The surviving partner has the right to continue in possession of the partnership, which includes all its assets, and to wind up its affairs. He must settle its affairs without delay,—he ''must collect and adjust the debts due it, and pay its debts and discharge its liabilities.'' (Story on Partnership, sec. 328; *Krueger* v. *Speith,* 8 Mont. 482, 3 L. R. A. 291, 20 Pac. 664.) He must account with the personal representative ''and pay over such balances as may from time to time be payable to him, in right of the decedent.'' Formerly if the surviving partner did not account in a reasonable time, a court of chancery would grant an injunction to restrain him from acting and would appoint a receiver and direct an ac-

count to be taken. (3 Kent's Com., p. 357; Story on Partnership, sec. 328; *Krueger* v. *Speith,* supra.) That necessity is obviated by the statutory provision that upon the application of the executor or administrator the court or judge may, whenever it appears necessary, order the surviving partner to render an account, and, in case of neglect or refusal, may, after notice, compel it by attachment. And the statute recognizes the common-law right of the executor or administrator to maintain against the surviving partner any action which the decedent could have maintained. The reason for this latter provision is obvious. The statute in the main has reference to the powers and duties of the court sitting in probate. The law-making body, in giving jurisdiction to the probate court to act in matters which formerly were exclusively within the jurisdiction of chancery, did not leave in doubt the right of an executor or administrator to seek in courts of law or equity remedies of which the decedent might have availed himself. But the statute does not restrict the surviving partner's lawful activities in any way. It does not, either in letter or spirit, deprive him of any authority he had at common law, nor of the right to maintain any action or proceeding which he might have maintained if the statute had not been enacted. The probate court has no authority whatsoever to interfere with the surviving partner's management of the partnership estate, so long as he acts with expedition, makes the required accounts, and pays over to the estate of the decedent what it is entitled to upon the settlement of the partnership affairs. True, the probate court may compel the surviving partner to give a bond in accordance with the statute, but that goes only to the preservation of the rights of the estate. The construction of the statute contended for by the defendant amounts to saying, "the statute not only does not authorize the surviving partner to bring a suit in the probate court— that is, the district court sitting in the exercise of its probate jurisdiction—but it has abrogated his right to bring such a suit in any court." The statute does not warrant that construction

either by expression or implication, and if it did, we would not hesitate to declare it unconstitutional. District courts have original jurisdiction in all cases in equity. (Const., Art. VIII, sec. 11.)   By this provision Montana has adopted the entire system of equity jurisprudence. The legislative assembly has not the authority thus to restrict the great and beneficent powers of a court of equity. (*Burns* v. *Smith,* 21 Mont. 251, and see pages 264, 265, 266; 53 Pac. 742.)

Again, *McKay* v. *Joy,* 70 Cal. 581, 11 Pac. 832, cited in *Mares* v. *Mares,* supra, comes into the discussion.  The syllabus in that case reads: "A surviving partner cannot maintain an action against the personal representative of his deceased partner for an accounting of the partnership affairs," but the opinion does not bear out that statement.  In proof whereof we here copy the opinion in full: "Bill filed by a surviving partner against the administrator of his deceased partner for an accounting.  The complaint alleged that there never had been any settlement or accounting between the plaintiff and the deceased before the death nor since with the defendant. Section 1585 of Code of Civil Procedure gives to the surviving partner ample power to take possession of the property of the partnership and wind up its affairs.  It necessarily follows that he does not need the interposition of a court of equity to aid him in doing that which he has ample authority to do himself."   This is a familiar rule; why should the public agency be called upon to do that for a man which he can do for himself?

It is said in Cal. Jur., Volume 20, page 829: "Though the contrary has been held," citing *McKay* v. *Joy,* supra, "there would seem to be little doubt but that suit may be maintained by the surviving partner against the decedent's representatives, both for an accounting and to recover firm assets," citing *Raisch* v. *Warren,* 18 Cal. App. 655, 124 Pac. 95.

So far as we have been able to learn, *McKay* v. *Joy,* supra, has not been followed, nor even cited, by the supreme court of California or the district court of appeals.  We have ex-

amined *Fong Sing* v. *O'Dell*, 50 Cal. App. 55, 194 Pac. 745, relied upon by defendant, but it does not support *McKay* v. *Joy* nor militate against *Raisch* v. *Warren* in any way. The case of *Pritchard* v. *Mercantile Trust Co.*, 65 Cal. App. 327, 224 Pac. 103, is called to our attention. In that case the facts were materially different from those in the case at bar. Whatever may be said of some of the language of the opinion we think it does not deny the rule stated in *Raisch* v. *Warren* and the conclusion of California Jurisprudence, supra.

In the *Mares Case* this court held that the surviving partner had not made an accounting, which it was his duty to do, and he had not exhausted the remedies which the law gives to a surviving partner; nor had he presented a claim to the executrix for allowance. Upon the conditions presented to the court in that case the result reached was correct; but in so far as anything said in the opinion may be construed to announce that not under any circumstances may a surviving partner sue the personal representative of the estate of his deceased partner for an accounting the opinion must be modified, for that is not the law.

The situation presented in the case at bar differs from that presented in that case. Here the surviving partner actually accounted to the executrix, and filed an appropriate claim. As noted above, nothing remained to be done except to adjust the account in accordance with equity between the surviving partner and the executrix. The executrix was in possession of all the partnership property of any consequence, claiming it as the property of the estate. She rejected the claim, denied the account rendered, refused to recognize the action of the surviving partner as an accounting, and herself refused to account.

If it be admitted that, the facts considered, the plaintiff could have maintained an action for the possession of the partnership property, what then would have followed? He would immediately have been under the obligation to return to the executrix one-half of that which he had presently re-

covered. No such idle ceremony, as this court remarked in *Silver* v. *Eakins,* supra, is required. (And see *Kutz* v. *Dreibelbis,* 126 Pa. 335, 17 Atl. 609.)

If this plaintiff is not entitled to recover upon proof of the allegations of his complaint it readily will be seen that a situation might arise in which a surviving partner would be remediless. Suppose there are no partnership debts to be paid nor obligations to be discharged, and nothing remains but a settlement between the surviving partner who has accounted so far as he is able, but the personal representative refuses to join in any settlement or accounting, meanwhile retaining money and personal property of the partnership and even asserting that the surviving partner is indebted to the decedent; is there any adequate remedy except a suit in equity wherein a full and fair disclosure upon both sides may be compelled?

If, after rendering his account and filing his claim the surviving partner has any right it must follow that he may maintain an action of some kind to enforce his right. For every wrong there is a remedy. (Sec. 8752, Rev. Codes 1921.) Must he bring two actions, and if so, of what kind? He cannot bring an action at law in the first place, no balance being struck between himself and the estate. Must he bring an action in equity and after the court has made a decree of accounting, then bring an action at law, when the whole matter might be adjusted in an action in equity? The law neither does nor requires idle acts. (Sec. 8761, Rev. Codes 1921.)

No authority has been cited, and we think none can be found, to the effect that the surviving partner cannot enforce a settlement or have his rights adjudicated although he had himself accounted to the representative and filed the requisite claim. The plaintiff upon the allegations of his complaint has done both, is entitled to an accounting, and thereupon to a decree settling the rights between himself and his deceased partner.

We think it proper to say that in view of the broad language employed in the *Mares Case* the learned district judge is not to be criticised for the ruling which resulted in the judgment. But as the ruling is contrary to the law, the judgment must be reversed, and it is so ordered.

*Reversed.*

ASSOCIATE JUSTICES MYERS, STARK and MATTHEWS concur.

MR. JUSTICE GALEN, Dissenting: I do not agree with the majority opinion or the conclusion therein reached. In my opinion the statute (sec. 10261, Rev. Codes 1921) is exclusive, and the surviving partner may not obtain the intervention of equity to compel the executrix to account, since he is possessed of ample legal authority to continue in the possession of the partnership property and finally conclude the business of the partnership. By the statute, it is expressly provided that "when a partnership exists between the decedent, at the time of his death, and any other person, *the surviving partner has the right to continue in possession of the partnership, and settle its business.* * * * The surviving partner must settle the affairs of the partnership without delay, *and account to the executor or administrator.* * * * Upon the application of the executor or administrator, the court or judge may, whenever it appears necessary, order the surviving partner to render an account, or in case of neglect or refusal may, after notice, compel it by attachment. * * * The surviving partner is a trustee of the estate or interest of the deceased partner in the property of the partnership, *for every purpose,* and the court or judge may require the surviving partner to account at any time." This legislative enactment appears to be but a restatement of the rule at common law, and its provisions have on several occasions been considered and applied by this court. (*Krueger* v. *Speith,* 8 Mont. 482, 3 L. R. A. 291, 20 Pac. 664; *Boehme* v. *Fitzgerald,* 43 Mont. 226, 115 Pac. 413; *First National Bank* v. *Silver,* 45 Mont. 231, 122 Pac. 584; *Silver* v.

*Eakins,* 55 Mont. 210, 175 Pac. 876; *Mares* v. *Mares,* 60 Mont. 36, 199 Pac. 267; *Myers* v. *Sumer,* 64 Mont. 342, 210 Pac. 76.)

In the *Krueger Case,* in applying the statute, it was by this court said: "Undoubtedly, under this provision, a surviving partner is a trustee or *quasi* trustee of the interest which the deceased partner had in the partnership property at the time of his death; and as such, is liable to account therefor, to the administrator or personal representative of the deceased partner. Strictly speaking, a surviving partner could hardly be termed a trustee of the copartnership, as that ceased to exist on the death of one of its members. * * * The assets which pass to the executor or administrator consist of the individual estate of the deceased; partnership assets, as such, form no part of such individual estate. The residuum only, after satisfying liabilities and advances, if any, made by the survivor, becomes the property of the estate. (So, also, *Andrade* v. *Superior Court of San Francisco,* 75 Cal. 459, 17 Pac. 531.) If it was otherwise, immediately on the death of one of the members of a partnership, the partnership estate would be *in custodia legis,* and would have to be administered and settled like any private or individual estate. Our statute does not contemplate a proceeding like this, and while it requires the inventory to include the interest of the decedent in a partnership, it also gives to the surviving partner full power over the partnership estate and property for the purpose of settling and accounting, and subjects him to legal proceedings, only when he fails to perform his duty within a reasonable time. He gives no bond such as is required to be given by an administrator, nor do accounts against the partnership require the formal proofs or allowance which the law requires in the case of claims against an estate. None of the requirements with which the law surrounds an administrator are required of a surviving partner in the settlement of a partnership estate, but all such matters are left to the judgment and presumed knowledge of the surviving partner, and his acts, if done in good faith, bind alike his own and the interest of

the representatives of the deceased partner in the partnership ·
property. (Story on Partnership, sec. 328.) The authorities
to which we have referred, settle the question, that it is only
in a qualified sense that a surviving partner is a trustee of the
representatives of a deceased partner. He takes, or rather
retains the partnership property, *jure proprio;* and the only
trust which attaches to his possession and disposition of the
property is his duty to settle up the affairs of the partner-
ship and account to the representatives of the deceased part-
ner, a duty, as we have seen, which he may be compelled to
perform if he neglects or unreasonably defers.'' Subsequent
decisions have been to like effect.

In the *Boehme Case* it was held that the surviving partner
is entitled to all property and assets of the firm, and it is his
exclusive province to liquidate the business of the partnership,
although he is required to render account to the executrix of
the will of his deceased partner.

In the *First National Bank Case* it was held that, while the
death of a partner works a dissolution of the partnership,
the only effect upon the partnership property is to place it
in the exclusive control of the surviving partner. He retains
possession of such property, ''not by virtue of any supposed
representative relationship, but *jure proprio,* since the interest
of each member of the partnership extends to every portion of
its property,'' the *Krueger Case* being therein cited.

In the *Silver-Eakins Case* it was said by the court: ''It is
true that one partner cannot maintain an action at law against
his copartner, at least until an accounting is had and a balance
determined, and the reason for this rule is apparent. The
interest of each partner extends to every portion of the firm
property (sec. 5469, Rev. Codes [sec. 7984, Rev. Codes 1921])
and therefore neither partner is entitled, as against the other,
to the exclusive possession of the whole or any specific part of
the partnership assets. (*Boehme* v. *Fitzgerald,* 43 Mont. 226,
115 Pac. 413.) But whenever the reason for that rule ceases,

so does the rule itself, and the reason ceases immediately upon the death of one partner. The partnership is thereupon dissolved (section 5494), and the surviving partner becomes at once entitled to the possession of sufficient firm property to enable him to discharge the duties imposed by section 7607. (*Bank* v. *Silver*, 45 Mont. 231, 122 Pac. 584.) If, then, it was made to appear by this complaint that possession of this $1,920.80 was necessary to settle the firm debts, an action for money had and received would lie to recover it. (*Conger* v. *Atwood*, 28 Ohio St. 134, 22 Am. Rep. 462; 20 R. C. L., p. 1010.)''

And in the *Mares Case* it was held by us that ''a general partnership is dissolved by the death of one of the partners (sec. 5894, Rev. Codes [sec. 8009, Rev. Codes 1921]), and it is the duty of the surviving partner to make account to the personal representative of the deceased partner. (Sec. 7607, Rev. Codes [sec. 10261, Rev. Codes 1921].) The law imposes this duty upon the surviving partner, and not upon the representative of the estate; so that it is the plain duty of the surviving partner to make such accounting, rather than exact the same from the personal representative of the deceased partner. The surviving member of the copartnership is presumed to have the possession of, and knowledge concerning, the books of account, property and assets of the firm; and he is given express statutory authority to continue in the possession of the partnership property, and to settle up its business after the dissolution of the partnership by death of one of its members, irrespective of the appointment and qualification of a personal representative of the deceased partner's estate.''

And here, the allegations of fact upon which the plaintiff predicates a right of accounting and recovery in this action are not unlike those in the case of *Myers* v. *Sumer*, 64 Mont. 342, 210 Pac. 76, wherein the plaintiff's complaint was held not to state a cause of action under the statute and the holding of this court in *Mares* v. *Mares*.

Under this statute it is held in California that a surviving partner cannot collect, from the general assets of his partner's estate, a debt due from the deceased to the partnership without first complying with the statute, thereby ascertaining whether the partnership assets are sufficient to pay its debts. (*Painter* v. *Estate of Painter*, 68 Cal. 395, 9 Pac. 450.) This statute vests the surviving partner with the exclusive right of possession, and the absolute right of control and disposition of the assets of the partnership. (*Allen* v. *Hill*, 16 Cal. 113; *Miller* v. *Lux*, 100 Cal. 609, 35 Pac. 345, 639.) And when the affairs of a partnership are finally settled up and upon striking a balance it is found that one partner has drawn from the firm more money than his proportion, where there is a deficiency of partnership assets, the relation of debtor and creditor between the surviving partner and the personal representative of the decedent arises, but not before. (*Gibson* v. *While*, 34 Cal. 258; *Logan* v. *Dixon*, 73 Wis. 533, 41 N. W. 713.) The statute gives a surviving partner ample power to take possession of the property of the partnership and wind up its affairs, and it follows that he does not require the interposition of a court of equity to aid him in doing that which he has ample authority to do himself. (*People* v. *Myers*, 70 Cal. 582, 12 Pac. 719.) And in *McKay* v. *Joy*, 70 Cal. 581, 11 Pac. 832, it was held that a surviving partner cannot maintain an action against the personal representative of his deceased partner for an accounting of partnership affairs.

Thus it is plain, in application of the statute, that where a partnership is dissolved by the death of one of the partners, the survivor has the entire legal right to all the assets of the firm for the purpose of winding up the affairs of the partnership, and if copartnership assets come to the possession of the administrator of a deceased partner and are actually administered into his estate, the surviving partner may obtain relief in equity against the estate of such deceased partner without authenticating his claim under the statute of administration (*Marlatt* v. *Scantland*, 19 Ark. 443), and

the surviving partner may maintain an action at law against the representative of his deceased partner to recover books of account or evidence of indebtedness in his possession. (*Murray* v. *Mumford*, 6 Cow. (N. Y.) 441; *Sterns* v. *Houghton*, 38 Vt. 583; *Kinsler* v. *McCants*, 4 Rich. (S. C.) 46, 53 Am. Dec. 711.)

"Although one partner cannot maintain an action at law against his copartner, a surviving partner may sue an administrator of the estate of his deceased partner who had wrongfully obtained possession of property belonging to the partnership, or who wrongfully retained possession of choses in action belonging to the firm which were in the possession of the deceased partner at the time of his death." (20 R. C. L., 1010.)

Speaking of the position of surviving partners, Professor Mechem says: "They alone, to the exclusion of the representatives of the deceased partner, have the right to the possession of the partnership assets, and to collect or receive debts due the firm. Causes of action, being joint, at law, survive to or against them, and therefore they alone are the ones to sue or be sued in respect to partnership dealings. But while they may have the legal title, they are commonly said to hold it in a species of trust. It is their duty to collect and preserve the assets, to apply them to the payment of the debts, to close up the business with reasonable promptness and to account to the representatives of the deceased partner for his share of the final balance." (Mechem, Elements of Partnership, 2d ed., sec. 402.)

For the purpose of closing up the affairs of a partnership, the surviving partner has the exclusive right to the possession and control of the partnership assets, and he becomes vested with them. (*Egberts* v. *Wood*, 3 Paige Ch. (N. Y.) 517, 24 Am. Dec. 236; *Wickliffe* v. *Eve*, 17 How. 468, 15 L. Ed. 163 [see, also, Rose's U. S. Notes]; *Bischoffsheim* v. *Beltzer*, 20 Fed. 890.) A deceased partner's executor cannot interfere in the settlement of partnership matters, but may call upon the

surviving partner to account for the surplus. (*Watson* v. *Miller*, 55 Tex. 292.)

It is the settled rule that no indebtedness can possibly exist between the members of a partnership until its debts are paid, its business entirely settled, and the balance between the partners ascertained (*Armstrong* v. *Hollen*, 58 Or. 534, 115 Pac. 423), and I am of opinion, that it should be applied with greater reason and force as between a surviving partner and the personal representative of a deceased partner.

However, in view of the plaintiff's allegations of facts in the complaint before us, is his position such that he may exact an accounting from the executrix? I think not. In my opinion he has mistaken his remedy. It is made to appear affirmatively by his allegations and the claim made against the estate as a part of the complaint, that no settlement of the affairs of the partnership has ever been made, and that no settlement or attempted settlement of accounts was ever made or attempted as between the plaintiff and the executrix. Neither is it shown that the plaintiff ever made demand upon the executrix for the partnership property or assets in her possession or under her control. After the death of his partner, Haire, the plaintiff remained passive so far as the partnership property and business was concerned. He waited until two days before the presentation of creditors' claim against the estate was barred before making demand or asserting any rights or claims of himself or of the partnership against the executrix. Having failed to protect and administer the estate lawfully in his possession as his exclusive trust, he now seeks in equity to compel the executrix to account to him. This may not be accomplished, since the law gives him ample and exclusive authority to administer the partnership business and protect his separate interest in the partnership estate. If, upon liquidation of the partnership estate, a balance is found due the survivor he may recover from the estate of his deceased partner, but not until he has concluded the partner-

ship business and thereby ascertainment is made of the amount due.

As is shown conclusively by the allegations contained in the amendments to the complaint, the partnership business remained unsettled. The plaintiff simply undertakes an accounting of the unsettled partnership business, and merely asserts to the personal representative: "You have certain assets of the partnership in your possession and I have some in mine; the affairs of the firm are not concluded, but since there are no creditors, we should have an accounting and you should pay me the amount found to be due me." Under the statute and the authorities the plaintiff may not pursue such course. He is required to settle up the partnership business, strike a balance of accounts, and then may compel the personal representative of the deceased partner to make payment. To protect his rights against the estate of his deceased partner pending liquidation of the firm business, he is authorized to present a contingent claim to the representative of the estate. (Sec. 10173, Rev. Codes 1921.) In the amendments to the complaint, as in the claim against the decedent's estate, the plaintiff expresses a willingness to account, which is not a basis for the present action.

Considering all of the allegations of the plaintiff's complaint in light most favorable to the attempted statement of a cause of action, the action is simply one whereby the surviving partner is attempting to compel an accounting with the representative of a deceased partner. This may not be done, as held by us in *Mares* v. *Mares* supra. Failing to show affirmatively an accounting and settlement of the partnership affairs by the surviving partner, and the presentation of a claim to the executrix against the estate for the amount to be found due to the plaintiff, based upon such a settlement, the plaintiff has failed to state a cause of action entitling him to recover.

Rehearing denied June 14, 1928.